## *In re* TAMPA SUBURBAN RAILROAD COMPANY.

ORIGINAL.

No number. Argued November 29, 1897. — Decided December 20, 1897.

A writ of certiorari, such as is asked for in this case, will be refused when there is a plain and adequate remedy, by appeal or otherwise.

Where, as in this case, an order is made by a Circuit Court, appointing a receiver, and granting an injunction against interfering with his management of the property confided to him, an appeal may be taken to the Circuit Court of Appeals, carrying up the entire order.

By denying the application in this case for a certiorari, the Court must not be understood as intimating an opinion that a Circuit Judge has power to grant injunctions, appoint receivers, or enter orders or decrees, *in invitum*, outside of his circuit.

THE Consumers Electric Light and Street Railroad Company of Tampa executed a mortgage to the Central Trust Company of New York, July 1, 1895, to secure an issue of bonds amounting to $350,000 upon all the property of the company, including its street railways, franchises and leases, and, among other things, all its rights under a lease from the Tampa Suburban Railroad Company, made or to be made, and covering all the property of the latter.

On July 22, 1897, the Trust Company presented its bill of complaint against the Consumers and Suburban Companies for the foreclosure of its mortgage on an alleged default in the payment of interest due July 1, 1897, to one of the Circuit

Judges for the Fifth Judicial Circuit, at the town of Wadsworth, in the State of Ohio, and made application thereon for the appointment of a receiver. It was admitted that this application was made *ex parte*, but claimed that one Chapin, president of the companies, consented thereto. The Circuit Judge thereupon, on that day, granted an order taking jurisdiction; directing that cause be shown at Tampa, in the State of Florida, August 4, 1897, why a receiver should not be appointed; and in the meantime restraining defendants from interfering with or disposing of the mortgaged property. This order was transmitted to be entered as of July 22, 1897, in the Circuit Court for the Southern District of Florida, and was so entered, and the bill filed as of that date. Notice was then given to defendants that, on the bill of complaint and the affidavit of Chester W. Chapin, complainant would apply to said Judge of the Circuit Court " at his chambers at Wadsworth, Medina County, Ohio, on the third day of August, 1897, for an order appointing a temporary receiver." On that day counsel for the Trust Company and counsel for defendants appeared before the Circuit Judge at Wadsworth, Ohio; but counsel for the Suburban Company objected to the jurisdiction and authority of the Circuit Judge to make or enter any order or decree outside the territorial limits of the Fifth Judicial Circuit of the United States, in which the suit was pending. These objections were overruled and an amendment and supplement to the bill of complaint were then presented to the Circuit Judge, together with a number of affidavits on behalf of complainant, to which the Suburban Company objected, on various grounds, which objections were overruled. Thereupon the Suburban Company filed an answer to the original bill of complaint and certain affidavits and documents. Argument was then had and an order signed by the Circuit Judge at Wadsworth, Ohio, on the third day of August, 1897, which, after appointing Chester W. Chapin receiver, and directing him to take immediate possession " of all and singular the property above described, wherever situated and found, and to continue the operation of the railway and plant of the defendant companies and conduct systematically their business

in the same manner as at present, and discharge all the public duties obligatory upon the defendants or either of them;" thus continued:

"Each and every of the officers, directors, agents, and employés of the said defendants or either of them are hereby required and commanded forthwith, upon demand of the said receiver or his duly authorized agent, to turn over and deliver to the said receiver or his duly constituted representative all the property of the defendant companies above mentioned, and all books of accounts, vouchers, papers, deeds, leases, contracts, bills, notes, accounts, moneys, and other property in his or their hands or under his or their control, and each and every of such directors, officers, agents, and employés are hereby commanded and required to obey and conform to such orders as may be given to them from time to time by said receiver or his duly constituted representative in conducting the operation of the said property and in discharging his duty as receiver, and each and every of such officers, directors, agents, and employés of the defendant companies or either of them are hereby enjoined from interfering in any manner whatever with the possession or management of any part of the property over which the receiver is hereby appointed, or from interfering in any way to prevent the discharge of the duties of such receiver."

The receiver was then authorized by the order to operate the street railway system and other property, with the usual provisions in that regard, being required to give bond to be approved by the clerk of the court or by a judge thereof, conditioned for the proper discharge of his duties. The order concluded: "And it is further ordered that the original and supplemental bills in this cause, and all exhibits, affidavits and other papers filed therein, be transferred to and filed in the clerk's office, at Tampa, Florida, at which place all process shall be returnable."

This order was transmitted by the Circuit Judge by letter from Wadsworth, Ohio, under date August 4, 1897, to the clerk of the Circuit Court at Jacksonville, with directions to file it, which letter informed the clerk that the Circuit Judge

had sent by express to him "supplemental bill and numerous affidavits offered by counsel, which, on receipt, also file, of same date as order appointing receiver. Attached to the order appointing receiver I have appended an order directing the original bill and all the affidavits and exhibits filed to be transferred to the clerk's office at Tampa."

The Tampa Suburban Railroad Company presented its petition to this court for a writ of certiorari directed to the Circuit Court for the Southern District of Florida to remove the proceedings in question for review, and on the application to file the petition, a rule to show cause was granted, to which return has been made.

The petition set forth in detail the matters above stated, in brief, with others, and insisted that the orders made by the Circuit Judge in the State of Ohio were void for want of jurisdiction; that the mortgage of the Consumers Company was invalid for not having been properly executed, as required by the statutes of Florida; that foreclosure was prematurely sought because the default in the payment of interest had not been continued for sixty days, contended to be a condition provided in the mortgage; that the original bill and exhibits were not before the Circuit Judge when the order of August third was granted; that the Circuit Judge improperly considered the amended bill and accompanying affidavits when notice thereof had not been given; that the restraining order was not limited in duration; and that there was no proof of danger of irreparable damage by delay. It was admitted that on the 22d of July and until and long after the 3d of August, the District Judge for the Southern District of Florida and both Circuit Judges and the Circuit Justice were absent from the Fifth Judicial Circuit, and petitioner charged that it had filed in the Circuit Court for the Southern District of Florida motions to discharge, annul and set aside the orders of July twenty-second and August third; but that the motions had remained undisposed of up to October ninth, when the petition was verified, because there was no judge of the United States courts within that circuit who had authority to hear and determine the same.

*Mr. Noah Brooks Kent Pettingill* for petitioner. *Mr. Thomas Mitchell Shackleford* was on his brief.

*Mr. Adrian H. Joline* opposing. *Mr. Henry W. Calhoun* was on his brief.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

By section 716 of the Revised Statutes it is provided that: "The Supreme Court and the Circuit and District Courts shall have power to issue writs of *scire facias*. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." This undoubtedly authorized the issue of writs of certiorari in all proper cases. *American Construction Co.* v. *Jacksonville, Tampa &c. Railway*, 148 U. S. 372, 380.

In the case of *In re Chetwood*, 165 U. S. 443, 461, we allowed the writ to bring up for review certain final orders of the Circuit Court, which interfered with causes pending in this court ; and the question of the issue of the writ by this court in the exercise of its inherent general powers, under the Constitution, did not arise.

By this application the review of two interlocutory orders is sought, the one, a preliminary restraining order, and the other appointing a receiver and continuing the injunction in aid of the receivership, on the ground that both these orders were void for want of power in the Circuit Judge to grant them outside of his circuit.

That this presents a question of grave importance is obvious, but it is objected that the application cannot be entertained because the appellate jurisdiction of this court can only be exercised in respect of final judgments or decrees, and, also, because there is another adequate remedy. We need not consider the first of these objections, as the second is sufficient to dispose of the application.

When sought as between private persons, the general rule

is that the writ of certiorari, such as asked here, will be granted or denied, in the sound discretion of the court, on special cause or ground shown; and will be refused where there is a plain and equally adequate remedy by appeal or otherwise.

By the seventh section of the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826, 828, as amended by the act of February 18, 1895, c. 96, 28 Stat. 666, it is provided: "That where, upon a hearing in equity, in a District Court or a Circuit Court, an injunction shall be granted, continued, refused or dissolved by an interlocutory order or decree or an application to dissolve an injunction shall be refused in a case in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving or refusing to dissolve an injunction to the Circuit Court of Appeals."

The suit in which the orders complained of were entered is one in which an appeal from a final decree might be taken to the Circuit Court of Appeals, and this even though the question of the jurisdiction of the Circuit Court was involved. *United States* v. *Jahn*, 155 U. S. 109. An appeal to the Circuit Court of Appeals' might, therefore, have been taken from these orders or from an order refusing to set them aside and dissolve the injunction. We are not called on to say that an appeal would lie from an order simply appointing a receiver, but where the order also grants an injunction, the appeal provided for may be taken, and carries up the entire order, and the case may, indeed, on occasion, be considered and decided on its merits. *Smith* v. *Vulcan Iron Works*, 165 U. S. 518.

The application for leave to file this petition must, therefore, be denied; but we must not be understood as intimating an opinion that a Circuit Judge has power to grant injunctions, appoint receivers or enter orders or decrees, *in invitum*, outside of his circuit.

*Leave denied.*