# W. S. H. LOTHROP, Plaintiff,

*v.*

# RAFAEL COLLAZO ET AL., Defendants.

OPINION ON MOTION FOR APPOINTMENT OF RECEIVER AND INJUNCTION TO
STAY WASTE.

1. *Notice of application for appointment of receiver.*—Where notice of the
application for the appointment of a receiver and for an injunction
was given defendants in Porto Rico July 19th, 1901, to be presented
to the judge of this court August 2d, 1901, at Crescent Hill, Kentucky,
—*Held*, not sufficient notice, considering all the circumstances.

2. *Recitals of bill and affidavits as to time of waste.*—Where the averment
of the bill as to wilful mismanagement and waste is of a general
character, and the affidavits presented in support of it speak mainly
in general terms of conditions in April, 1901, more than three months
before the application, it should be denied.

3. *Power of judge of this court when out of his district.*—It is a "grave
question" whether the judge of this court, although having the
power of a judge of both the circuit and district court of the United
States, has power to appoint a receiver or grant an injunction when
out of his district,—and one not necessary to be now decided.

August 2, 1901.

Messrs. *F. H. Dexter* and *Frank Howe,* solicitors for com-
plainant.

Messrs. *Pettingill & Keedy,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

It appears in this case that the defendants are in possession of

Lothrop v. Collazo.

the mortgaged premises, and the bill, which is ancillary to a pending one for a foreclosure, asks a temporary injunction to stay waste and the appointment of a receiver. It is presented to me, and motion for such relief made on this August 2d, 1901, but not within my district, but at Crescent Hill in the state of Kentucky, United States of America. But for other facts appearing, what the Supreme Court of the United States has in more than one case, termed a "grave question," and which, so far as I know, has not been decided by it, would present itself; to wit, Have I jurisdiction to grant such relief when out of my district? The exigencies and needs of business may seem to require it, and I am aware it has been done by learned judges; but yet it is a "grave question" whether by law a judge who has even the power of both a circuit and district judge can *ex parte* when outside of his district,—can, *in invitum* and without consent, exercise such power. American Constr. Co. v. Jacksonville, T. & K. W. R. Co. 148 U. S. 372, 37 L. ed. 486, 13 Sup. Ct. Rep. 758; Re Tampa Suburban R. Co. 168 U. S. 583, 42 L. ed. 589, 18 Sup. Ct. Rep. 177. It is not necessary, however, in view of what to me seems right in this matter, to determine this question. The notice of this motion was given in Porto Rico on July 19th, 1901, for August 2d, 1901; this, to say the least, was not a liberal time considering the distance. The averment of the bill is of a general character; to wit, wilful mismanagement and insufficient cultivation of the premises; and the two affidavits offered in support of this motion, and which, so far as appears, have not been seen by the defendants or their counsel, speak mainly in general terms; and the two witnesses visited the premises in April, 1901, and speak of their then condition, and even they show the defendants had then done some work and set out 35 cuerdas of new coffee. The bill to foreclose was filed December 12th, 1900,—more than seven

Lothrop v. Collazo.

months before the motion for the summary relief now asked was made; more than three months elapsed from the time when the witnesses speak of the condition of the premises before the making of it.

The undersigned did not leave Porto Rico for his vacation until June 25th, 1901, and there was ample time and opportunity to have made this motion within the district, and now at this remote place.

The clerk can file the bill, the notice, and the two affidavits presented, and enter this order; and the complainant can sue out subpœna if he desires; but the relief sought by the motion is not now granted. But this is not to prejudice the complainant's rights or affect any future motion properly made.

. Given under my hand this August 2d, 1901, at Crescent Hill, Kentucky, United States of America.

<div align="right">

WM. H. HOLT,

Judge United States District Court Porto Rico.