WHITNEY, WARDEN OF THE IDAHO STATE PENITENTIARY *v.* DICK.

SAME *v.* SAME.

APPEAL FROM AND CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

Nos. 494, 557. Submitted April 3, 1906.—Decided April 30, 1906.

Final orders of the Circuit Court of Appeals may be brought to this court, of right, only where the matter in dispute exceeds $1,000, and there is no appeal where, as in a *habeas corpus* proceeding, no amount is involved.

The Circuit Court of Appeals is a court created by statute and is not endowed with any original jurisdiction; and as there is no language in the statute which can be construed into a grant of power to issue a writ of *habeas corpus*, unless it be one in aid of a jurisdiction already existing,

that court is not authorized to issue original and independent·writs of *habeas corpus.*

Although the Circuit Court of Appeals may possess the power, which has been exercised by this Court, to issue independent writs of certiorari, and although it may sometimes be proper in special cases to end litigation by summary process, yet as a rule the ordinary procedure for attacking a judgment in a criminal case is by writ of error, and, where the only question is whether the Federal courts have jurisdiction to punish the crime charged, in this case selling of liquor in the Indian country, and there is no necessity of prompt action to uphold National authority the writ of certiorari should not have been issued.

ON May 16, 1905, the respondent in these two cases was convicted in the District Court of the United States for the District of Idaho, Northern Division, on the charge of unlawfully and feloniously introducing intoxicating liquors into the Nez Perce Indian Reservation, and sentenced to pay a fine of $100 and be confined in the penitentiary for the term of one year and ten days. On July 21, 1905, a bill of exceptions was duly prepared and signed. Thereafter, without suing out a writ of error, respondent applied to the Circuit Court of Appeals of the Ninth Circuit for writs of *habeas corpus* and of certiorari. It does not affirmatively appear that any writ of *habeas corpus* was issued, the record in the Court of Appeals reciting:

"The petition in the above-entitled matter for a writ of *habeas corpus* and a writ of certiorari having been duly submitted to the court, and the petition for a writ of certiorari therein having been granted and a writ of certiorari having been issued, directed to the honorable the United States District Court for the District of Idaho, and requiring the said District Court to certify to this court a transcript of the record and proceedings in the suit therein of the *United States* v. *George Dick,* and the return to the said writ of certiorari having been filed, the matter was duly argued and submitted to the court for consideration and decision upon the said return and upon the briefs of counsel for the respective parties.

"On consideration whereof, and the court being of the opinion that the United States District Court for the District of

Idaho did not have jurisdiction of the offense charged in the indictment found against the petitioner in the suit of the *United States* v. *George Dick*, it is ordered and adjudged that the petitioner, George Dick, be discharged from imprisonment."

From this order of discharge, Whitney, as Warden of the Idaho state penitentiary (the respondent named in the petition for a *habeas corpus*), perfected an appeal to this court, and that appeal is case No. 494. Subsequently he applied for a writ of certiorari, to review the decision of the Court of Appeals, which was allowed, and that is case No. 557. The record in case No. 494 was directed to stand as the return to the writ of certiorari. Both the appeal and the certiorari were taken by the Warden, appearing by the United States Attorney for the District of Idaho, under the direction of the Attorney General of the United States.

*The Solicitor General* for appellant and petitioner:

The jurisdiction of the Federal courts to issue writs of *habeas corpus*, except so far as the original jurisdiction of this court is concerned, is purely statutory. *Ex parte Bollmann*, 4 Cranch, 93, 94; *Ex parte Dorr*, 3 How. 104, 105; *Ex parte Parks*, 93 U. S. 22; *Ex parte Hung Hang*, 108 U. S. 552; *In re Burrus*, 136 U. S. 586, 589 *et seq.; Ex parte Caldwell*, 138 Fed. Rep. 487; 2 Story on Const. § 1341; Cooley's Const. Lim., *345, *349.

The several statutes on the subject have been embodied in ch. 13, Rev. Stat. §§ 751, 752; Judiciary Act of 1891, 26 Stat. 826; § 716, Rev. Stat. The language of the act of 1891 is restrictive and § 716, Rev. Stat., cannot be regarded as authorizing the Circuit Court of Appeals to issue writs of *habeas corpus.* See 2 Foster's Fed. Prac. § 366; *In re Boles*, 48 Fed. Rep. 75; *In re Nevitt*, 117 Fed. Rep. 448.

At any rate the writ was improvidently issued. *Riggins* v. *United States*, 199 U. S. 547.

*Mr. Frank E. Fogg* for appellee and respondent:

The legislation embraced in §§ 716, 751, 752, 753, Rev. Stat.,

is comprehensive and brings the writ of *habeas corpus* within
the jurisdiction of every court and every judge of the United
States. *Ex parte McCurdle*, 6 Wall. 318; *Ex parte Caldwell*,
138 Fed. Rep. 488. See also *In re Heff*, 197 U. S. 488; *In re
Levitt*, 117 Fed. Rep. 448; *In re Burkirk*, 72 Fed. Rep. 14.

MR. JUSTICE BREWER, after making the foregoing statement,
delivered the opinion of the court.

The first question is, of course, one of jurisdiction. Final
orders of the Circuit Court of Appeals may of right be brought
to this court only where the matter in dispute exceeds in value
one thousand dollars. As there is no amount in controversy,
the appeal was unauthorized and must be dismissed. *Lau Ow
Bew* v. *United States*, 144 U. S. 47, 58. But by certiorari the
judgment of the Court of Appeals is properly before us. *In re
Chetwood, Petitioner,* 165 U. S. 443, 462.

Had the Court of Appeals jurisdiction to issue separately
either a writ of certiorari or one of *habeas corpus,* or the two
jointly? And first, as to the writ of *habeas corpus.* Un-
doubtedly that writ is one of high privilege. We are not con-
fronted with the case of a failure by Congress to make any
provision for it. Under section 751, Rev. Stat., the Supreme,
Circuit and District Courts may issue writs of *habeas corpus,*
and by section 752 like power is given to the several justices
and judges of said courts for the purpose of inquiry into the
cause of restraint of liberty. Thus adequate provision has
been made for securing to everyone entitled thereto the writ
of *habeas corpus.* So when Congress passes an act establishing
a new court there is no constraining presumption that it must
intend to give to that court jurisdiction in *habeas corpus.* The
Court of Appeals act (26 Stat. 826) does not in terms grant
authority to issue the writ. It is silent on the subject, and
in order to sustain its jurisdiction we must write something
into the statute which Congress itself did not put there. In
this we are speaking of the writ of *habeas corpus* as an original

and independent proceeding, for by section 12 of the act "The Circuit Court of Appeals shall have the powers specified in section 716 of the Revised Statutes of the United States." Section 716 provides that "The Supreme Court and the Circuit and District Courts shall have power to issue writs of *scire facias.* They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Cases may arise in which the writ of *habeas corpus* is necessary to the complete exercise of the appellate jurisdiction vested in the Circuit Court of Appeals. But it is unnecessary to speculate under what circumstances such an exigency may exist, for the writ asked for here was an independent and original proceeding challenging *in toto* the validity of a judgment rendered in another court. There was no proceeding of an appellate character pending in the Court of Appeals for the complete exercise of jurisdiction in which any auxiliary writ of *habeas corpus* was requisite. Appellate proceedings are, generally speaking, initiated by appeals and writs of error, and for these the Court of Appeals act specifically provides. The writ of *habeas corpus* is not the equivalent of an appeal or writ of error. It is not a proceeding to correct errors which may have occurred in the trial of the case below. It is an attack directly upon the validity of the judgment, and, as has been frequently said, it cannot be transformed into a writ of error. It is doubtless true that if the language of the Court of Appeals act was fairly susceptible of two constructions, one granting and the other omitting to grant power to issue a writ of *habeas corpus,* the great importance of the writ might justify a construction upholding the grant. This is indicated by the ruling in *Ex parte Bollman,* 4 Cranch, 75. The fourteenth section of the original judiciary act contained this language: "That all the before-mentioned courts of the United States shall have power to issue writs of *scire facias, habeas corpus,* and all other writs, not specially provided for by statute, which may be necessary

for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law." And the question presented was whether the grant of power to issue a writ of *habeas corpus* was an absolute and independent grant or one simply authorizing the issue of the writ when necessary for and in aid of the exercise of a jurisdiction already otherwise obtained, and it was held to be an absolute and independent grant, the conclusion being placed by Chief Justice Marshall, delivering the opinion of the court, partly on the grammatical construction of the section and partly on the significance and importance of the writ itself. But in the Court of Appeals act there is no mention of *habeas corpus*, no language which can be tortured into a grant of power to issue the writ, except in cases where it may be necessary for the exercise of a jurisdiction already existing.

It will be borne in mind that the Circuit Court of Appeals, which is a court created by statute, *Kentucky* v. *Powers*, 201 U. S. 1, 24, is not in terms endowed with any original jurisdiction. It is only a court of appeal. Section 2 of the act says that it "shall be a court of record with appellate jurisdiction, as is hereafter limited and established." Section 6 provides that it "shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the District Court and the existing Circuit Courts in all cases," etc. By section 10 "whenever on appeal or writ of error or otherwise a case coming from a Circuit Court of Appeals shall be reviewed and determined in the Supreme Court the cause shall be remanded by the Supreme Court to the proper District or Circuit Court for further proceedings in pursuance of such determination." Sections 4, 13 and 15 name the courts whose judgments may be reviewed in the Courts of Appeals. Obviously the Courts of Appeals are simply given appellate jurisdiction over certain specified courts. It follows that they are not authorized to issue original and independent writs of *habeas corpus.*

Have they jurisdiction to issue writs of certiorari? As we have seen, the procedure prescribed by the statute for bring-

ing to the Courts of Appeals those final decisions of courts
which they are authorized to review is appeal or writ of error,
and that in this country is the ordinary method by which
review is obtained in an appellate court. Especially is this
true of the Federal procedure, the only instance in which
certiorari is named as the writ for the removal of cases from
a lower to a higher court being in the authority given to this
court to bring up cases from the Courts of Appeals by cer-
tiorari. Inasmuch as appeal and writ of error are specifically
prescribed in the Court of Appeals act as the process to bring
up final decisions to that court for review, the authority to
issue a certiorari must be found in the grant of power " to issue
all writs not specifically provided for by statute, which may be
necessary for the exercise of their respective jurisdiction, and
agreeable to the usages and principles of law." That cer-
tiorari may be used to bring up portions of a record not origi-
nally returned to a Court of Appeals is undoubted, for it may
be necessary for the complete exercise of its appellate juris-
diction, but not otherwise, for every case of which that court
may take jurisdiction can be carried up by appeal or writ of
error. Of course, if in the case at bar the writ of *habeas corpus*
was not or could not rightfully be issued, then certiorari can-
not be sustained as auxiliary process, but must stand or fall
as an independent proceeding.

It may be said that the power of this court to issue original
and independent writs of certiorari has been upheld under the
authority given by section 716. A reference to some of the
decisions may be well. See generally *Ex parte Vallandigham*,
1 Wall. 243, and cases cited in the opinion; *Ewing* v. *City of
St. Louis*, 5 Wall. 413; *Ex parte Lange*, 18 Wall. 163.

*Fowler* v. *Lindsey*, 3 Dall. 411, was the case of an applica-
tion before judgment to remove certain actions from the
Circuit Court to this court on the ground that a State was the
real party in interest, and it was said by Mr. Justice Washing-
ton (p. 413):

　" But as it is proposed to remove the suits under considera-

tion from the Circuit Court into this court, by writs of certiorari, I ask whether it has ever happened, in the course of judicial proceedings, that a certiorari has issued from a superior, to an inferior, court, to remove a cause merely from a defect of jurisdiction? I do not know that such a case could ever occur."

In *American Construction Company* v. *Jacksonville Railway*, 148 U. S. 372, where an application was made for mandamus and certiorari, Mr. Justice Gray, speaking for the court, after quoting section 716, said (p. 380):

"Under this provision, the court might doubtless issue writs of certiorari, in proper cases. But the writ of certiorari has not been issued as freely by this court as by the Court of Queen's Bench in England. *Ex parte Vallandigham*, 1 Wall. 243, 249. It was never issued to bring up from an inferior court of the United States for trial a case within the exclusive jurisdiction of a higher court. *Fowler* v. *Lindsey*, 3 Dall. 411, 413; *Patterson* v. *United States*, 2 Wheat. 221, 225, 226; *Ex parte Hitz*, 111 U. S. 766. It was used by this court as an auxiliary process only, to supply imperfections in the record of a case already before it; and not, like a writ of error, to review the judgment of an inferior court. *Barton* v. *Petit*, 7 Cranch, 288; *Ex parte Gordon*, 1 Black, 503; *United States* v. *Adams*, 9 Wall. 661; *United States* v. *Young*, 94 U. S. 258; *Luxton* v. *North River Bridge*, 147 U. S. 337, 341."

In *In re Chetwood, Petitioner*, 165 U. S. 443, Mr. Chief Justice Fuller said (pp. 461, 462):

"By section 14 of the Judiciary Act of September 24, 1789, 1 Stat. 81, c. 20, carried forward as section 716 of the Revised Statutes, this court and the Circuit and District Courts of the United States were empowered by Congress 'to issue all writs, not specifically provided for by statute, which may be agreeable to the usages and principles of law;' and under this provision, we can undoubtedly issue writs of certiorari in all proper cases. *American Construction Company* v. *Jacksonville Railway*, 148 U. S. 372, 380. And although, as ob-

served in that case, this writ has not been issued as freely by this court as by the Court of Queen's Bench in England, and, prior to the act of March 3, 1891, c. 517, 26 Stat. 826, had been ordinarily used as an auxiliary process merely, yet, whenever the circumstances imperatively demand that form of interposition the writ may be allowed, as at common law, to correct excesses of jurisdiction and in furtherance of justice. Tidd's Prac., *398; Bac. Ab., Certiorari."

And in *In re Tampa Suburban Railroad Company*, 168 U. S. 583, it was held that "a writ of certiorari, such as is asked for in this case, will be refused when there is a plain and adequate remedy, by appeal or otherwise."

This court has never decided that certiorari was to be resorted to in place of a writ of error whenever it suited the convenience of parties. There must be "circumstances imperatively demanding" a departure from the ordinary remedy by writ of error or appeal. In the case at bar the indictment charges the introduction of liquor into the Indian country. It is not questioned that this is a criminal offense under the laws of the United States, but it is contended that the place of the alleged offense was not Indian country. The trial court ruled that it was. This ruling was excepted to, a bill of exceptions prepared and signed and the case put in proper condition for review in the Court of Appeals on writ of error. There was no necessity for a certiorari.

Apparently the thought of petitioner was to get rid of the case at once and entirely. It was not a new trial or any mere correction of errors, but a termination of the litigation which induced this proceeding rather than a writ of error. It was a short way of disposing of the entire matter—the same reason that has so often prompted writs of *habeas corpus*. We have repeatedly held against such procedure. While undoubtedly the power exists, and it may sometimes be proper for a court to put an end to the litigation by some short summary process, yet as a rule the orderly way is to proceed by writ of error. The latest expression of the views of this court is to be found

in *Riggins* v. *United States,* 199 U. S. 547. To that and the
cases cited in the opinion we refer, saying that in the case at
bar there is no special reason why the ordinary procedure
should not obtain. It will be borne in mind that the act with
which the respondent was charged was not done under or by
virtue of the authority of the Constitution or laws of the
United States, and therefore his prompt release is not nec-
essary in order to uphold the national authority. It was not
an act to be commended, and the only question is whether its
punishment was within the jurisdiction of the Federal courts,
and that question, under the circumstances, should have been
settled in the ordinary way.

For these reasons the decision of the Court of Appeals is
*reversed, and the case is remanded with instructions to quash
the writ of certiorari and dismiss the petition.*