## UNITED STATES *v.* DICKINSON.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 362.　Argued January 4, 5, 1909.—Decided April 5, 1909.

The writ of certiorari cannot be granted under the act of March 3, 1891, c. 517, 26 Stat. 826, in a criminal case at the instance of the United States whatever the supposed importance of the questions involved. *United States* v. *Sanges*, 144 U. S. 310, distinguished.

The power of this court to issue the writ of certiorari under § 14 of the Judiciary Act of 1789, now § 716, Rev. Stat., is not a grant of appellate jurisdiction to review for correction of mere error.

The act of March 2, 1907, c. 2564, 34 Stat. 1246, giving an appeal to the Government in certain criminal cases cannot be extended beyond its terms, or construed so as to extend the power of certiorari under the act of March 3, 1891, c. 517, 26 Stat. 826, to bring up a criminal case for the correction of mere error at the instance of the United States.

Certiorari to review 159 Fed. Rep. 801, dismissed.

THE facts are stated in the opinion.

*The Attorney General* and *Mr. Asa P. French*, with whom *The Solicitor General* was on the brief, for petitioner:

This court has power under the Judiciary Act of 1789, "to

issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law," and that included the right to issue writs of certiorari in all proper cases. *In re Chetwood,* 165 U. S. 443, 462.

The writ of certiorari, under the Federal Constitution and statutes, is strictly the common law writ of that name with all its functions and attributes, so far as applicable to our system of jurisprudence.

At common law the writ might be granted at the instance of either the prosecutor or the defendant; it was always granted at the request of the king, in whose name the justice of the people was invoked. 4 Blackstone's Commentaries, 321. Certiorari lies in all judicial proceedings in which a writ of error does not lie. *Groenvelt* v. *Burwell,* 1 Ld. Raym. 454.

By anology the enforcement of the law by the people in the name of the king is the same as its enforcement by the people in the name of the United States, and there is ancient authority in support of granting this writ by this court. The part taken in these proceedings by the United States is entirely in accord with the usages and principles of the common law, as referred to in the act of 1789.

The case at bar is within the appellate jurisdiction of this court. Section 5 of the act of March 3, 1891, provides that such a case involving the construction or application of the Constitution of the United States may be brought here on appeal or writ of error.

Under a proper construction of the act of March 3, 1891, this court may take away from the final determination of any Circuit Court of Appeals, at any stage, before or after decision rendered in that court, any case involving questions of gravity and general importance, or as to which there is conflict between the decisions of state and Federal courts, or between those of Federal courts in different circuits, and indeed involving any matter of special interest to the people. *Forsyth* v. *Hammond,* 166 U. S. 506, 514, 515; *Fields* v. *United States,* 205 U. S. 296;

*American Construction Co.* v. *Jacksonville &c. Ry. Co.*, 148 U. S. 383, 384. This court has the same right to review a criminal case on certiorari on the application of the Government that it has to review a civil case.

Congress has power upon the establishment of an inferior tribunal, to reserve authority in this court to review all important cases, criminal as well as civil, on certiorari. *Taylor* v. *United States,* 207 U. S. 120, 127; *United States* v. *Bitty,* 208 U. S. 393, 399, 400.

While it was held in *United States* v. *Sanges,* 144 U. S. 310, 323, that § 5 of the act of March 3, 1891, was not sufficiently specific to give to the United States the right to sue out a writ of error to review a judgment of a Circuit Court sustaining a demurrer in a criminal case in which that court held certain Federal statutes to be unconstitutional, the case at bar presents a different situation under a different provision of law. The Government is now merely asking that this court shall, under the jurisdiction reserved to it by § 6 of the act, order a case of which a Circuit Court of Appeals has otherwise final jurisdiction to be brought here from such court on certiorari, and determine it in the same manner as if it were here on appeal or writ of error.

The jurisdiction of this court to review on certiorari cases within the final jurisdiction of a Circuit Court of Appeals and pending in that court extends to all cases which are of sufficient gravity and importance to make their decision by this court imperative or desirable, including a criminal case, like that at bar.

*Mr. Henry W. Dunn,* with whom *Mr. Samuel L. Powers* was on the brief, for respondent:

While this court, under § 716, Rev. Stat., and independently of the act of March 3, 1891, may issue writs of certiorari in proper cases, when the circumstances imperatively demand that form of interposition, to correct excesses of jurisdiction, and in the furtherance of justice, *Ex parte Chetwood,* 165 U. S. 443, this is not a proper one for the exercise of that extraor-

dinary power. The question of jurisdiction must be decided by construction of the provisions of the act of 1891. *American Construction Co.* v. *Jacksonville, T. & K. W. Ry. Co.*, 148 U. S. 372, 380.

While any limitation in the matter of direct appeals under § 5 of the act of March 3, 1891, in respect to criminal cases must be read into the statute wholly by implication, nevertheless the right of review given by that section, so far as it relates to criminal cases, must be limited to review at the instance of the defendant, after a decision in favor of the Government. It could not be fairly inferred that Congress intended to authorize a review in a criminal case of a decision in favor of the accused. *United States* v. *Sanges*, 144 U. S. 310. It cannot be doubted that under the authority of that case, and on the same grounds, the general provision of § 6 granting appellate jurisdiction to the Circuit Court of Appeals, should be held subject to the same limitation.

The intent of Congress as expressed in the act of 1891 must be judged without any reference to the recent attempts to strengthen the arm of the Government, in certain classes of prosecutions. Such conditions have found natural expression in such recent legislation as the act of Congress which was before this court in *Taylor* v. *United States*, 207 U. S. 120, and *United States* v. *Bitty*, 208 U. S. 393.

This court has no general authority to review, on error or appeal, the judgments of the Circuit Courts of the United States in cases within their criminal jurisdiction; and when such jurisdiction is intended to be conferred, it should be done in clear and explicit language. *Cross* v. *United States*, 145 U. S. 571, 574.

Mr. Chief Justice Fuller delivered the opinion of the court.

Dickinson and one Foster were jointly indicted under § 5209. of the Revised Statutes of the United States, which is a part

of the National Bank Act. Foster, the principal defendant, was cashier of the South Danvers National Bank, and was charged with willfully misapplying the funds of the bank, and Dickinson was charged with aiding and abetting. Both having been convicted, Dickinson sued out a writ of error from the Circuit Court of Appeals for the First Circuit, and after argument that court held his conviction invalid by reason of the fact that the verdict against him was found by a jury of only ten men. 159 Fed. Rep. 801. On a writ of certiorari issued on petition of the United States the case was brought to this court.

It appeared in the course of the trial that one of the jurors by reason of illness was unable to sit further, whereupon the following agreement, signed by the parties, was filed of record:

"Whereas, one of the jurors impanelled to try the above-entitled indictment is unable by reason of illness to further sit therein,

"Now, therefore, we consent and agree that the said juror, to wit, Charles F. Low, may be discharged from the further trial of this indictment, and that the trial now pending may proceed before the remaining eleven jurors with the same force and effect as if said juror had not been discharged."

The court then proceeded with the trial with the remaining eleven jurors. Subsequently, the trial being still unfinished, death occurred in the family of one of them, and another like agreement was filed of record as to him.

The trial proceeded with the remaining ten jurors, who returned a verdict of guilty, and thereupon a motion in arrest of judgment was filed as follows:

"And now, after verdict against the said John W. Dickinson, and before sentence, comes the said John W. Dickinson, by his attorneys, and moves the court here to arrest judgment herein and not pronounce the same, because of manifest errors in the record appearing, to wit: Because the said verdict against the said John W. Dickinson was found by a so-called jury consisting of ten (10) jurors only, and not by a jury of twelve (12)

jurors, as required by the Constitution and laws of the United States, and because no judgment against him, the said John W. Dickinson, can be lawfully rendered on said verdict."

This motion was overruled, and a bill of exceptions to the ruling was duly allowed on the same day, and defendant was sentenced by the court to nine years' imprisonment in the jail at Dedham.

The judgment of the Circuit Court of Appeals was—

"The judgment of the District Court and the verdict therein are set aside; and the case is remanded to that court for further proceedings in accordance with law."

Application was then made to this court for a writ of certiorari, which, because of the urgency of the Government as to the importance of the particular decision, was granted, notwithstanding the judgment of the Circuit Court of Appeals was not final.

Nevertheless, we are met at the threshold by the objection that the writ of certiorari cannot be granted under the act of 1891 in a criminal case, whatever the supposed importance of the question involved.

In our opinion it is clear that the question of jurisdiction must be decided by the proper construction of the act of March 3, 1891. That act (March 3, 1891, c. 517, 26 Stat. 826) was framed for the purpose of relieving the Supreme Court from the excessive burden imposed upon it by its increasingly crowded docket, and assigned to the Circuit Courts of Appeals thereby established a considerable part of the appellate jurisdiction formerly exercised by the Supreme Court. *American Construction Co.* v. *Jacksonville, T. & K. W. R. Co.*, 148 U. S. 372.

Section 6 reads as follows:

"The Circuit Courts of Appeals . . . shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the District Court and the existing Circuit Courts in all cases other than those provided for in the preceding section of this act, . . . and the judgments or decrees of the Circuit Courts of Appeals shall be final in all cases in which the

jurisdiction is dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States or citizens of different States; also in all cases arising under the patent laws, under the revenue laws, and under the criminal laws and in admiralty cases, excepting that in every such subject within its appellate jurisdiction the Circuit Court of Appeals at any time may certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision.

"And, thereupon, the Supreme Court may either give its instruction on the questions and propositions certified to it, which shall be binding upon the Circuit Courts of Appeals in such case, or it may require that the whole record and cause may be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal.

"And exceping also that in any such case as is hereinbefore made final in the Circuit Court of Appeals it shall be competent for the Supreme Court to require, by certiorari or otherwise, any such case to be certified to the Supreme Court for its review and determination with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court."

At the time when this act was passed the only existing method by which a decision of the Supreme Court could be obtained on a question of law arising in a criminal case not capital was upon certificate of difference of opinion by the judges of the Circuit Court, under §§ 651 and 697 of the Revised Statutes. In capital cases, by the act of February 6, 1889, 25 Stat. 656, c. 113, § 6, the defendant was given the right to obtain a review in this court by writ of error. The act of 1891 superseded the existing statutory provisions as to a certificate of difference of opinion. *United States* v. *Rider*, 163 U. S. 132; *The Paquete Habana*, 175 U. S. 677.

By clause 5, appeals or writs of error from the District and

Circuit Courts direct to the Supreme Court might be taken in cases involving the construction or application of the Constitution of the United States, or where the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority was drawn in question, and in cases in which the constitution or law of a State was claimed to be in contravention of the Constitution of the United States.

The clauses as to appeals or writs of error where constitutional questions were involved made no distinction in their language between civil and criminal cases, and no distinction as to the party who was aggrieved by the decision in the court below; but in *United States* v. *Sanges*, 144 U. S. 310 (decided April 4, 1892), it was held, on great consideration, that the right of review given by that provision of § 5, so far as it related to criminal cases, must be limited to review at the instance of the defendant after a decision in favor of the Government. The decision was reached after a thorough examination of the Federal legislation as to appellate jurisdiction in criminal cases and of the authorities in England and in the United States relating to criminal appeals, in which the court finds no precedent without express statutory enactment for any review of any judgment in favor of the accused. And the case proceeded upon the grounds thus summed up in the concluding paragraph of the opinion:

"In none of the provisions of this act, defining the appellate jurisdiction, either of this court, or of the Circuit Court of Appeals, is there any indication of an intention to confer upon the United States the right to bring up a criminal case of any grade after judgment below in favor of the defendant. It is impossible to presume an intention on the part of Congress to make so serious and far-reaching an innovation in the criminal jurisprudence of the United States."

As we have before observed, the certiorari in this case is the certiorari provided for by the act of 1891, being in the nature of an appeal or writ of error for the mere correction of error, a new use of the writ.

Section 14 of the Judiciary Act of 1789 gave to the Supreme Court and the Circuit and District Courts "power to issue writs of *scire facias, habeas corpus,* and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the principles and usages of law," but that was not a grant to this court of appellate jurisdiction to review by certiorari for the mere correction of error any or all decisions of the lower Federal courts not otherwise reviewable.

In *United States* v. *More,* 3 Cranch, 159, 172, Mr. Chief Justice Marshall said:

"In support of the jurisdiction of the court, the attorney general has adverted to the words of the Constitution, from which he seemed to argue, that as criminal jurisdiction was exercised by the courts of the United States, under the description of 'all cases in law and equity arising under the laws of the United States,' and as the appellate jurisdiction of this court was extended to all enumerated cases, other than those which might be brought on originally, 'with such exceptions, and under such regulations, as the Congress shall make,' that the Supreme Court possessed appellate jurisdiction in criminal, as well as civil cases, over the judgments of every court, whose decisions it would review, unless there should be some exception or regulation made by Congress, which should circumscribe the jurisdiction conferred by the Constitution.

"This argument would be unanswerable, if the Supreme Court had been created by law, without describing its jurisdiction. The Constitution would then have been the only standard by which its powers could be tested, since there would be clearly no Congressional regulation or exception on the subject.

"But as the jurisdiction of the court has been described, it has been regulated by Congress, and an affirmative description of its powers must be understood as a regulation, under the Constitution, prohibiting the exercise of other powers than those described." *Ex parte Yarbrough,* 110 U. S. 651, 653;

*Cross* v. *United States*, 145 U. S. 571, 574. In the latter case we said:

"We have, of course, no general authority to review, on error or appeal, the judgments of the Circuit Courts of the United States in cases within their criminal jurisdiction, or those of the Supreme Court of the District of Columbia or of the Territories; and when such jurisdiction is intended to be conferred, it should be done in clear and explicit language."

The decisions to that effect are very numerous and it is quite inadmissible to hold that criminal cases cannot be reviewed here by writ of error or appeal without express statutory authority, but may be by certiorari under Revised Statutes, § 716, for the correction of any error that may have been committed by the lower courts; and our decisions are to the contrary.

In *Ex parte Gordon*, 1 Bl. 503, it was ruled that neither a writ of error, a writ of prohibition, nor certiorari, would lie from the Supreme Court to a Circuit Court of the United States in a criminal case, and that the only case in which the court was authorized even to express an opinion on the proceedings in a Circuit Court in a criminal case was where the judges of the Circuit Court were opposed in opinion upon a question arising at the trial and certified it to this court for its decision.

It is true that in the case of *Chetwood*, 165 U. S. 443, 462, we allowed the writ to bring up for review certain final orders of the Circuit Court, which interfered with causes pending in this court; and the question of the issue of the writ by this court in the exercise of an inherent general power under the Constitution did not arise. *In re Tampa Suburban R. R. Co.*, 168 U. S. 583.

And in *Whitney* v. *Dick*, 202 U. S. 132, it was said that the power of the court to issue original and independent writs of certiorari might be upheld under the authority given by § 716, citing *Ex parte Vallandigham*, 1 Wall. 243, and cases; *Ewing* v. *St. Louis*, 5 Wall. 413; *Ex parte Lange*, 18 Wall. 163; and quoting from the opinion of Mr. Justice Gray in *American Construction Co.* v. *Jacksonville Railway*, 148 U. S. 372, where an

application was made for mandamus and certiorari, as follows:

"Under this provision, the court might doubtless issue writs of certiorari in proper cases. But the writ of certiorari has not been issued as freely by this court as by the Court of Queen's Bench in England. *Ex parte Vallandigham,* 1 Wall. 243, 249. It was never issued to bring up from an inferior court of the United States for trial a case within the exclusive jurisdiction of a higher court. *Fowler* v. *Lindsey,* 3 Dall. 411, 413; *Patterson* v. *United States,* 2 Wheat. 221, 225, 226; *Ex parte Hitz,* 111 U. S. 766. It was used by this court as an auxiliary process only, to supply imperfections in the record of a case already before it; and not, like a writ of error, to review the judgment of an inferior court. *Barton* v. *Petit,* 7 Cranch, 288; *Ex parte Gordon,* 1 Black, 503; *United States* v. *Adams,* 9 Wall. 661; *United States* v. *Young,* 94 U. S. 258; *Luxton* v. *North River Bridge,* 147 U. S. 337, 341."

But the distinction between preventing excesses of jurisdiction and the mere correction of error is a fundamental one, and the rule remains that appeal and writ of error, being the proper forms of procedure provided for the mere correction of error, the appellate jurisdiction of this court for that purpose is limited to the cases in which express provision is made for appeals or writs of error, and that certiorari cannot be independently used to supply the place of a writ of error for the mere correction of error.

The construction of the act of 1891, must be arrived at without reference to such recent legislation as the act of Congress of March 2, 1907, c. 2564, 34 Stat. 1246, providing for writs of error in certain instances in criminal cases, in respect of which this court held in *United States* v. *Keitel,* 211 U. S. 398, "that the purpose of the statute was to give the United States the right to seek a review of decisions of the lower court concerning the subjects embraced within the clauses of the statute, and not to open here the whole case. We think this conclusion arises not only because the giving of the exceptional right to review in favor

of the United States is limited by the very terms of the statute to authority to reëxamine the particular decisions which the statute embraces, but also because of the whole context, which clearly indicates that the purpose was to confine the right given to a review of the decisions enumerated in the statute, leaving all other questions to be controlled by the general mode of procedure governing the same."

So far as that statute is an innovation in criminal jurisdiction in certain classes of prosecutions, it cannot be extended beyond its terms.

*Writ of certiorari dismissed.*

MR. JUSTICE MOODY took no part in the consideration and disposition of this case.