### DICKINSON v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 13, 1909.)

No. 681.

COURTS (§ 384*)—DETERMINATION BY CIRCUIT COURT OF APPEALS—CERTIFICATION TO SUPREME COURT.

Judiciary Act March 3, 1891, c. 517, § 6, 26 Stat. 828 (U. S. Comp. St. 1901, p. 549), establishing the Circuit Court of Appeals, provides that such court at any time may certify to the Supreme Court "any questions and propositions of law concerning which it desires the instruction of that court for its proper decision." *Held*, that such certification is not authorized for the benefit of the parties, but only at the desire of the court, in its discretion, prior to its determination of the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1021; Dec. Dig. § 384.*]

In Error to the District Court of the United States for the District of Massachusetts.

On petition by defendant in error for certification of the cause to the Supreme Court. Denied.

Powers & Hall and Henry W. Dunn, for plaintiff in error.

Asa P. French, U. S. Atty.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PUTNAM, Circuit Judge. This is the same case reported in 159 Fed. 801, 86 C. C. A. 625, and 213 U. S. 92, 29 Sup. Ct. 485, 53 L. Ed. 711. The judgment in favor of Dickinson was entered in this court on February 12, 1908. On a suggestion that the United States intended to apply to the Supreme Court for a writ of certiorari, the case was held under the control of this court by an order staying the mandate. The writ of certiorari was received on May 9, 1908. On May 20, 1909, mandate was received from the Supreme Court dismissing the writ. On the same day the United States filed their petition to this court to certify the case to the Supreme Court under the sixth section of the Judiciary Act of March 3, 1891 (26 Stat. 828,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

c. 517 [U. S. Comp. St. 1901, p. 519]), establishing this court, pursuant to the following provision, namely:

"Excepting that in every such subject within such appellate jurisdiction the Circuit Court of Appeals at any time may certify to the Supreme Court of the United States any questions and propositions of law concerning which it desires the instruction of that court for its proper decision."

Passing by the question whether the case is so far under our hands that we can now order a certificate in accordance with the provision of law which we have quoted, we are compelled to ask particular attention to two expressions, namely, first, "concerning which it desires the instruction," and, second, "for its proper decision." It is plain from these expressions that the matter is not a matter at all within the control of the parties to the proceeding, and that this court is not authorized to certify a case under the provision of law cited unless the court itself desires instructions. To certify, except in connection with such desire, would be impertinent and unlawful. Moreover, this must be a desire for instructions for a "proper decision." How can there be such a desire, within the purview of the statute, after the case has been decided? We have refused to certify under circumstances like those at bar; and our refusal so to do seems justified, and perhaps required, by the expressions in Columbus Watch Company v. Robbins, 148 U. S. 266, 269, 270, 13 Sup. Ct. 594, 37 L. Ed. 445.

The petition of the United States, filed May 20, 1909, for certification to the Supreme Court, is dismissed.

ALDRICH, District Judge. As the judges were not agreed in respect to the original decision of this case, and as I deemed the question as to jury waiver one of grave importance, both in the constitutional and the practical administrative sense, I strongly felt, before decision in this court, that the question should be certified to the Supreme Court; but I agree that the case in its present stage is not one to be certified.