# TRUSTEES OF THE PRESBYTERIAN CHURCH OF GEORGETOWN *v.* DISTRICT OF COLUMBIA.

CERTIORARI; TAXES; ADEQUATE REMEDY AT LAW.

1. The writ of certiorari may be reported to correct illegalities in the levy of taxes, and illegal assessments (following *Allman* v. *District of Columbia,* 3 App. D. C. 8, and *District of Columbia* v. *Burgdorf,* 6 App. D. C. 465); but the writ is not one of right, and is only to be issued in the discretion of the court and for the purpose of effecting substantial justice. (Following *District of Columbia* v. *Brooke,* 29 App. D. C. 563).

2. The writ of certiorari is not a proper remedy where there is another adequate remedy available.

3. Where a municipality purchases land against which there is a tax assessment for a special improvement, and retains part of the purchase price, under an agreement with the vendor that it will be retained until the determination of the question of the legality of the assessment, certiorari will not lie to cancel the assessment, as the vendor has an adequate and more complete remedy by an action against the municipality to recover the sum retained.

**No. 2056.** Submitted February 7, 1910. Decided April 5, 1910.

HEARING on an appeal by the petitioner from a judgment of the Supreme Court of the District of Columbia, overruling its motion for judgment on a return of the respondent to its petition for the writ of certiorari for the cancelation of a tax assessment.                                          ˋ *Affirmed.*

The facts are stated in the opinion.

*Mr. James E. Padgett* for the appellant.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a judgment of the supreme court of the District of Columbia overruling appellant's motion for judgment on the return to its petition for a writ of certiorari for the cancelation of a tax or assessment upon a lot in Georgetown, and dismissing said writ.

In 1895 an assessment was made against lot P in square 103 in Georgetown, now square 1273, owned by appellant, for the laying of a water main. This assessment was not paid, but continued to be carried upon the tax records of the District. In 1908 appellant sold said lot to the District and, the District refusing to pay the purchase price until said assessment was paid or quashed, an agreement was entered into whereby appellant conveyed said lot, the District retaining a sufficient amount of

said purchase price to await the determination of the question of the legality of said assessment. Appellant, in its petition, contends that said lot was a cemetery at the time of this assessment and, therefore, under sec. 147 of the Revised Laws of the United States relating to the District, was "exempt from any and all taxes and assessments, national and municipal."

The learned trial justice overruled the motion for judgment, notwithstanding the return, and dismissed the petition upon the ground that "the petitioner has only to sue the District at law for that part of the purchase price retained by it, in order to have the whole question determined."

That the writ of certiorari may be restored to for the purpose of correcting illegalities in the levy of taxes and illegal assessments by assessors or other officers intrusted with the execution of a similar duty is settled law in this jurisdiction. *Allman* v. *District of Columbia,* 3 App. D. C. 8; *District of Columbia* v. *Burgdorf,* 6 App. D. C. 465. It is equally well settled, however, that this is not a writ of right, and is only to be issued in the discretion of the court and for the purpose of effecting substantial justice. *District of Columbia* v. *Brooke,* 29 App. D. C. 563. The purpose of the writ being to review or restrain excess of jurisdiction where no adequate remedy exists, it follows that the writ is not an appropriate remedy where there is another adequate remedy available. *Re Tampa Suburban R. Co.* 168 U. S. 583, 42 L. ed. 589, 18 Sup. Ct. Rep. 177; 6 Cyc. Law & Proc. p. 742.

When appellant filed its petition it had already conveyed away the lot in question, and it was then concerned only in the recovery of the balance of the purchase price. The considerations prompting the issuance of the writ to test the legality of assessments were absent. The District had accepted the deed to said lot, and, by agreement, had retained out of the purchase price a sum equal to the amount of said assessment. In other words, it imposed upon appellant the burden of bringing an action for the recovery of said balance. Upon the bringing of such a suit the District would, of course, plead said as-

sessment, and upon the determination of the issue thus raised would depend appellant's right of recovery. Such an action would afford a more complete remedy than certiorari, for the judgment in certiorari, if favorable to appellant, would go merely to the cancelation of the assessment, and would not be directed to the payment of the balance of the purchase price of said lot.

A plain and adequate remedy existing at the time of the filing of appellant's petition for certiorari, the judgment dismissing said petition was right, and is affirmed, with costs.

*Affirmed.*