## TURNER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 27, 1926.)

No. 290.

**1. Criminal law ⬒1083.**

It is filing of writ of error in court below which removes case, and gives Circuit Court of Appeals jurisdiction, under Judicial Code, § 128 (Comp. St. § 1120).

**2. Criminal law ⬒938(1).**

Granting or refusing motion for new trial on ground of newly discovered evidence is matter of discretion, not of right.

**3. Receiving stolen goods ⬒1.**

In prosecution for receiving goods stolen from interstate shipment, contrary to Comp. St. § 8603, whether goods were part of interstate shipment when defendant received them is immaterial.

**4. Criminal law ⬒1011.**

Under Judicial Code, § 262, certiorari either protects jurisdiction acquired or aids in acquiring jurisdiction, which might be defeated without the writ. It is rarely an original writ (Comp. St. § 1239).

**5. Criminal law ⬒1134(7)—Under certiorari, as original writ to review conviction after failure to bring up case in specified way, inquiry is limited to jurisdiction of lower court.**

Under certiorari, as original writ to review conviction after failure to bring case to reviewing court in specified way, inquiry is confined to jurisdiction of lower court, and writ may not be used as substitute for appeal on writ of error to correct mere errors committed in exercise of lawful jurisdiction.

Petition for Writ of Certiorari to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Ed Turner was convicted of receiving and having in his possession goods stolen from an interstate shipment of freight, well knowing said goods to have been stolen. On petition for writ of certiorari. Petition dismissed, and writ quashed, with direction.

Archer Wheatley, of Jonesboro, Ark. (W. E. Beloate, of Walnut Ridge, Ark., and J. H. Hawthorne, of Jonesboro, Ark., on the brief), for petitioner.

Charles F. Cole, U. S. Atty., of Little Rock, Ark. (Ira J. Mack, Asst. U. S. Atty., of Newport, Ark., on the brief), for the United States.

Before LEWIS, Circuit Judge, and FARIS and PHILLIPS, District Judges.

LEWIS, Circuit Judge. [1] The petitioner was indicted, tried and convicted in the District Court for the Eastern District of Arkansas of the offense of receiving and having in his possession goods stolen from an interstate shipment of freight, well knowing said goods to have been so stolen (37 Stat. 670; U. S. Comp. St. § 8603); and he was thereupon adjudged to pay a fine and sentenced to imprisonment. In apt time he filed assignment of errors, petition for writ of error which was granted, brought into the record the trial proceedings by filing his bill of exceptions, and procured an order fixing the amount of his bail bond, which was accepted and approved by a commissioner. He neglected to file the writ of error in the trial court, it was never issued and the time lapsed within which the case could be brought here on writ of error. It is the filing of the writ of error in the court below which removes the case and gives this court jurisdiction. Greyerbiehl v. Hughes Elec. Co. (C. C. A.) 294 F. 802. Having failed to bring his case here in the specified way, Judicial Code, § 128 (Comp. St. § 1120), petitioner then came here, attached to his petition a certified transcript of the record below including the bill of exceptions; and asked for the writ of certiorari to bring up the record, which was granted; his transcript being accepted as though filed in response to the writ.

[2, 3] He does not challenge the jurisdiction of the trial court over the offense charged, nor over him as the person charged with committing it. He asks that we review the trial proceedings as on error and that we re-

verse the judgment of guilt because of alleged errors. He argues (1) that the goods found in his possession were never a part of the interstate shipment,—but that was purely a question of fact for the jury; (2) that the court erred and abused its discretion in not granting his motion for a new trial on the ground of newly discovered evidence, —but that, if open for consideration on this proceeding, is not a matter of right, but one of discretion, and clearly the court's discretion was not abused; and (3) that the goods were not part of an interstate shipment when petitioner received them,—but that, if true, was an immaterial fact; the offense charged was that he received and retained in his possession goods which he knew had been stolen from an interstate shipment and there was ample proof tending to support the charge.

[4, 5] The authority of this court to issue the common-law writ of certiorari is found in section 262, Judicial Code; Rev. Stat. § 716; U. S. Comp. St. § 1239: "The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Its purpose and function, clearly indicated by the statute, is to give protection to jurisdiction already acquired or to aid in the acquisition of jurisdiction which might be defeated without the writ. It is ancillary and is rarely available as an original writ. When issued as an original writ, under conditions such as we have here, our power of inquiry into the proceedings of the lower court is confined to the question of its jurisdiction. In United States v. Beatty, 232 U. S. 463, 467, 34 S. Ct. 392, 394 (58 L. Ed. 686), it is said:

"No doubt, this provision * * * affords ample authority for using the writ as an auxiliary process and, whenever there is imperative necessity therefor, as a means of correcting excesses of jurisdiction, of giving full force and effect to existing appellate authority, and of furthering justice in other kindred ways. American Construction Co. v. Jacksonville Co., 148 U. S. 372, 380 [13 S. Ct. 758, 37 L. Ed. 486]; In re Chetwood, 165 U. S. 443, 462 [17 S. Ct. 385, 41 L. Ed. 782]; Whitney v. Dick, 202 U. S. 132 [26 S. Ct. 584, 50 L. Ed. 963]; McClellan v. Carland, 217 U. S. 268 [30 S. Ct. 501, 54 L. Ed. 762]. But it may not be used under this provision as a substitute for an appeal or writ of error to correct mere errors committed in the exercise of a lawful jurisdiction. American Construction Co. v. Jacksonville Co., supra; In re Tampa Suburban R. R. Co., 168 U. S. 583 [18 S. Ct. 177, 42 L. Ed. 589]; United States v. Dickinson, 213 U. S. 92, 102 [29 S. Ct. 485, 53 L. Ed. 711]."

In United States v. Dickinson, 213 U. S. 92, 102, 29 S. Ct. 485, 488 (53 L. Ed. 711), the principle is stated in this way:

"But the distinction between preventing excesses of jurisdiction and the mere correction of error is a fundamental one, and the rule remains that appeal and writ of error, being the proper forms of procedure provided for the mere correction of error, the appellate jurisdiction of this court for that purpose is limited to the cases in which express provision is made for appeals or writs of error, and that certiorari cannot be independently used to supply the place of a writ of error for the mere correction of error."

See also Harris v. Barber, 129 U. S. 366, 371, 9 S. Ct. 314, 32 L. Ed. 697; Travis v. King Iron Bridge & Mfg. Co., 92 F. 690, 34 C. C. A. 620; 11 C. J. p. 194; 4 Encyc. Pl. & Pr. p. 254. In Greyerbiehl v. Hughes Elec. Co. (C. C. A.) 294 F. 802, we made use of the writ to restrain and correct a plain excess of jurisdiction.

Regarding the way in which the record is brought here and keeping within our statutory powers as an appellate court, we must hold there is no issue for our adjudication. The petition will be dismissed, the writ quashed, and the District Court will proceed to the execution of its judgment.