## BLAKE v. DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION, et al.

### No. 6806.

Circuit Court of Appeals, Ninth Circuit.

May 23, 1932.

Matot & Stafford, of Los Angeles, Cal. (W. S. Allen, of Los Angeles, Cal., and Milton T. U'Ren, of San Francisco, Cal., of counsel), for petitioner.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

Petitioner, who claims to be the owner of ¹⁄₁₀₀₀ of all oil and gas produced from certain real estate upon which wells had been drilled by George Wolfe or the Chanel Oil Company, Limited, seeks a writ of certiorari upon the ground that the District Court of the United States for the Southern District of California, Central Division, exceeded its jurisdiction in granting a receivership prayed for by the Oil Well Supply Company, plaintiff, in a bill in equity against George Wolfe and Chanel Oil Company, Limited, and consented to by the defendants. The petition is predicated upon the theory that the so-called "percent-holders" were not given notice of the application for a receiver, and were not made parties to the action, and that therefore an order of the court authorizing the receiver to take possession of their property is beyond the jurisdiction of the court. The petition is for an original writ not in aid of an appeal. Assuming, without deciding, that this court has jurisdiction to entertain such a petition under the amendment to section 262 of the Judicial Code March 3, 1911, 36 Stat. 1162 (28 USCA § 377), there is no occasion to exercise our discretion in favor of the issuance of the writ. The Supreme Court considered the amendment of 1911 to section 262 of the Judicial Code, supra, in United States v. Beatty, 232 U. S. 463, 467, 34 S. Ct. 392, 394, 58 L. Ed. 686 and stated: "No doubt, this provision contemplates the employment of the writ of certiorari in instances not covered by § 240 [28 USCA § 347], and affords ample authority for using the writ as an auxiliary process, and, whenever there is imperative necessity therefor, as a means of correcting excesses of jurisdiction, of giving full force and effect to existing appellate authority, and of furthering justice in other kindred ways. American Constr. Co. v. Jacksonville, T. & K. W. R. Co., 148 U. S. 372, 380, 13 S. Ct. 758, 37 L. Ed. 486, 489; In re Chetwood, 165 U. S. 443, 462, 17 S. Ct. 385, 41 L. Ed. 782, 788; Whitney v. Dick, 202 U. S. 132, 26 S. Ct. 584, 50 L. Ed. 963; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762. But it may not be used under this provision as a substitute for an appeal or writ of error to correct mere errors committed in the exercise of a lawful jurisdiction. American Constr. Co. v. Jacksonville, T. & K. W. R. Co., supra; In re Tampa Suburban R. R. Co., 168 U. S. 583, 18 S. Ct. 177, 42 L. Ed. 589; United States v. Dickinson, 213 U. S. 92, 102, 29 S. Ct. 485, 53 L. Ed. 711, 719."

If petitioner feels aggrieved by the order of the District Court appointing a receiver, he should invoke the power of that court to correct the alleged error before applying to this court for relief. See Mitchell v. Lay (C. C. A.) 48 F.(2d) 79.

Writ denied and petition dismissed.