3 U.S. 411 (____)
3 Dall. 411
FOWLER et al.
vs.
LINDSEY, et al.
FOWLER et al.
vs.
MILLER.
Supreme Court of United States.

*412 The amended rule was argued, by Lewis and Hoffman (the Attorney-General of New-York.)
WASHINGTON, Justice.
The first question that occurs, from the arguments on the present occasion, respects the nature of the rights, that are contested in the suits, depending in the Circuit Court. Without entering into a critical examination of the Constitution and laws, in relation to the jurisdiction of the Supreme Court, I lay down the following as a safe rule: That a case which belongs to the jurisdiction of the Supreme Court, on account of the interest that a state has in the controversy, must be a case, in which a State is either nominally, or substantially, the party. It is not sufficient, that a State may be consequentially affected; for, in such case (as where the grants of different States are brought into litigation) the Circuit Court has clearly a jurisdiction. And this remark furnishes an answer to the suggestions, that have been founded on the remote interest of the State, in making retribution to her grantees, upon the event of an eviction.
It is not contended that the States are nominally the parties; nor do I think that they can be regarded as substantially, the parties, to the suits: nay, it appears to me, that they are not even interested, or affected. They have a right either to the soil, or to the jurisdiction. If they have the right of soil, they may contest it, at any time, in this Court, notwithstanding a decision in the present suits; and though they may have parted with the right of soil, still the right of jurisdiction is unimpaired. A decision, as to the former object, between individual Citizens, can never affect the right of the State, as to the latter object: it is res inter alios acia. For, suppose the Jury in some cases should find in favor of the title under New-York; and, in others, they should find in favor of the title under Connecticut, how would this decide the right of jurisdiction? And on what principle can private citizens, in the litigation of their private claims, be competent to investigate, determine, and fix, the important rights of sovereignty?
*413 The question of jurisdiction remaining, therefore, unaffected by the proceedings in these suits, is there no other mode by which it may be tried? I will not say, that a State could sue at law for such an incorporeal right, as that of sovereignty and jurisdiction; but even if a Court of law would not afford a remedy, I can see no reason why a remedy should not be obtained in a Court of Equity. The State of New-York might, I think, file a bill against the State of Connecticut, praying to be quieted as to the boundaries of the disputed territory; and this Court, in order to effectuate justice, might appoint commissioners to ascertain and report those boundaries. There being no redress at law, would be a sufficient reason for the interposition of the equitable powers of the Court; since, it is monstrous to talk of existing rights, without applying correspondent remedies.
But as it is proposed to remove the suits under consideration from the Circuit Court into this Court, by writs of certiorari, I ask whether it has ever happened, in the course of judicial proceedings, that a certiorari has issued from a superior, to an inferior, court, to remove a cause merely from a defect of jurisdiction? I do not know that such a case could ever occur. If the State is really a party to the suit in the inferior Court, a plea to the jurisdiction may be there put in; or, perhaps, without such a plea, this Court would reverse the judgment on a writ of error: And if the State is not a party, there is no pretence for the removal.
A certiorari, however, can only issue, as original process, to remove a cause, and change the venue, when the Superior Court is satisfied, that a fair and impartial trial will not otherwise be obtained; and it is sometimes used, as auxiliary process, where, for instance, diminution of the record is alledged, on a writ of error: But in such cases, the Superior Court must have jurisdiction of the controversy. And as it does not appear to me, that this Court has exclusive, or original, jurisdiction of the suits in question, I am of opinion that the rule must be discharged.
PATERSON, Justice.
The rule to shew cause, why a venire should not be awarded to summon a jury from some district, other than that of Connecticut or New-York, cannot be supported. It has, indeed, been abandoned. The argument proceeds on the ground of removing the cause into this Court, as having exclusive jurisdiction of it, because it is a controver-versy between States. The constitution of the United States, and the act of Congress, although the phraseology be somewhat different, may be construed in perfect conformity with each other. The present is a controversy between individuals respecting their right or title to a particular tract of land, and *414 cannot be extended to third parties or states. Its decision will not affect the State of Connecticut or New-York; because neither of them is before the court, nor is it possible to bring either of them, as a party, before the Court, in the present action. The state, as such, is not before us. Besides, if the cause should be removed into this Court, it would answer no purpose; for I am not able to discern by what authority, we could change the venue, or direct a jury to be drawn from another District. As to this particular there is no divolution of power either by the constitution or law. The authority must be given;  we cannot usurp or take it.
If the point of jurisdiction be raised by the pleadings, the Circuit Court is competent to its decision; and, therefore, the cause cannot be removed into this Court previously to such decision. To remove a cause from one Court to another, on the allegation of the want of jurisdiction, is a novelty in judicial proceedings. Would not the certiorari to remove, be an admission of the jurisdiction below?
Neither of the motions is within the letter or spirit of the constitution or law.
How far a suit may, with effect, be instituted in this Court to decide the right of jurisdiction between two States, abstractedly from the right of soil, it is not necessary to determine. The question is a great one; but not before us.
I regret the incompetency of this Court to give the aid prayed for. No prejudice or passion, whether of a state or personal nature, should insinuate itself in the administration of justice. Jurymen, especially, should be above all prejudice, all passion, and all interest in the matter to be determined. But it is the duty of judges to declare, and not to make the law.
CUSHING, Justice.
These motions are to be determined, rather by the constitution and the laws made under it, than by any remote analogies drawn from English practice.
Both by the constitution and the judicial act, the Supreme Court has original jurisdiction, where a State is a party. In this case, the State does not appear to be a party, by any thing on the record. It is a controversy or suit between private citizens only; an action of ejectment, in which the defendant pleads to the jurisdiction, that the land lies in the State of New-York, and issue is taken on that fact.
Whether the land lies in New-York or Connecticut, does not appear to affect the right or title to the land in question. The right of jurisdiction and the right of soil may depend on very different words, charters, and foundations. A decision of that issue, can only determine the controversy as between the private citizens, who are parties to the suit, and the event, only *415 give the land to the Plaintiff or Defendant; but could have no controuling influence over the line of jurisdiction; with respect to which, if either State has a contest with the other, or with individuals, the State has its remedy, I suppose, under the constitution and the laws, by proper application, but not in this way; for she is not a party to the suits.
If an individual will put the event of his cause in a plea of this kind, on a fact, which is not essential to his right; I cannot think, it can prejudice the right of jurisdiction appertaining to a State.
I agree with the rest of the Court, that neither of the motions can be granted.
BY THE COURT: Let the rule be discharged.