## Johnson v. Hubbard et al.

Jan. 23, 1945.

Zeb A. Stewart for appellant.

H. H. Owens for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The action was instituted by appellees against appellant to recover for timber cut by appellant, and allegedly owned by appellees, on a boundary of land containing approximately ten acres. The Court was asked

to quiet appellees' title to the boundary. By answer, appellant asserted title to the property by deed and by adverse possession. Appellant's predecessor in title, G. M. Adams, owned an undivided interest jointly with the heirs of John Helton, Sr., in a boundary of approximately one hundred fifty (150) acres, the title to which was derived from a patent issued in the year 1845 to Larkin Tuggle. In the year 1904, in a suit between the Helton heirs and Adams, the Court entered judgment partitioning the property. After the judgment was entered, but before the Master Commissioner's deed was executed, Johnson purchased Adams' interest in the property, and received a deed from Adams. The description of the property contained in this deed includes the land in dispute. The Commissioner's deed was made directly to Johnson, since he took Adams' place in the suit, and that deed did not include the land in dispute, but described the northern boundary of Johnson's land as it was described in the Tuggle patent, and as is described in the judgment herein appealed from.

Appellees claim under a patent issued in the year 1863 to W. R. Barton. The southern boundary of this patent is identical in its calls with the northern boundary of the Tuggle patent, and the description in the Barton patent includes the property in dispute. Johnson recorded the deed he obtained from the Master Commissioner in the partition suit in the year 1905, but did not record his deed from Adams until the year 1915.

Even if Adams had owned an undivided interest in the land in dispute at the time he pretended to deed it to Johnson, the Commissioner's deed executed in pursuance of the judgment of the Court partitioning the land, and which did not include the land in dispute, was binding on Johnson. His remedy in respect to any error of the Court in the description of the property was by appeal from the judgment in the partition suit, which was not perfected. On the other hand, appellees traced their title to the property in dispute to the Commonwealth through the Barton patent. It is obvious that appellant's claim to the property by record title must be rejected.

Appellant testified, and introduced witnesses to corroborate his testimony, that he has claimed the property since the year 1905 by adverse possession. Appellees introduced testimony in contradiction of this claim. It

is unnecessary to recite in detail the evidence introduced in support of appellant's contention, although such recitation would reveal the evidence falls short of establishing title by adverse possession. The Chancellor's finding that appellant had not acquired title to the property by adverse possession is supported by the following evidence: Seymour Messer testified that, thirteen years before giving his deposition, Johnson employed him to cut timber on Johnson's boundary of land, and told him not to cut beyond the northerly boundary line described in the deed; explaining at that time that the property north of that line (which includes the land in dispute) belonged to Mr. Hubbard, the ancestor of appellees. Seymour's son, George Messer, testified to the same fact. George Bullock testified that Johnson told him during the First World War that the land in dispute belonged to the Hubbard tract. It will thus be seen that the evidence introduced by appellees is sufficient to sustain the judgment of the Court that appellees were the owners of the property; and we have no doubt that the Chancellor's finding in this respect was correct.

The judgment is affirmed.