ERNEST B. NENNEMANN ET AL., APPELLEES, V. MARY L. REBUCK ET AL., APPELLEES, AND JACK R. WICKER AND CHARLES D. HAHN, APPELLANTS.
496 N.W.2d 467

Filed March 5, 1993.   No. S-90-458.

Charles D. Hahn for appellant.

Richard H. Hoch, of Hoch & Steinheider, for appellees Nennemann et al.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is a suit to quiet title to a tract of river bottom farmland situated on the east side of the Missouri River. The plaintiffs are the heirs of Ernest W. Nennemann, who purchased the property under a Missouri description from Henry Hrdlicka and Joe and Ruth Beranek in April 1955. At that time, the plaintiff Ernest B. Nennemann began farming the property for his father. Either Nennemann or his tenants have farmed the land on behalf of the tenants in common since the time of the elder Nennemann's death in April 1964. At this time, Dennis Hendrickson is the tenant farming the land for the plaintiffs and has been since 1984. Crops have been grown on the land in question since the time the land was purchased by Ernest W. Nennemann, with the exception of 1984, when the land was flooded and was incapable of being farmed. The plaintiffs also claim title by adverse possession.

The principal defendants are Jack R. Wicker and Charles D. Hahn, who filed an answer and cross-petition in which they claimed title under certificates of tax sale issued by Otoe County, Nebraska, and alleged that they have been in adverse possession of the property.

The trial court found generally in favor of the plaintiffs, finding that the plaintiffs had been in adverse possession of the property for more than 10 years prior to the filing of the petition and that the defendants had not been in adverse possession of the property. The trial court quieted title to the property in the plaintiffs and dismissed the cross-petition of the defendants. From that judgment, the defendants Wicker and Hahn have appealed.

The defendants' first assignment of error is that the trial

court erred in failing to sustain the defendants' motion to dismiss the plaintiffs' petition for lack of jurisdiction. The defendants argue that a Nebraska court could not obtain jurisdiction of the action because the plaintiffs testified that they believed the land was located in Missouri.

The petition described the land as "[t]he East Half (E 1/2) of the West Half (W 1/2) of Section Thirty-Three (33), Township Seven (7) North, Range Fifteen (15), East of the 6th P.M., Otoe County, Nebraska, and all accretions thereto."

Ron Hazard, the Otoe County, Nebraska, surveyor, who testified on behalf of the plaintiffs, testified that the plaintiffs' possession of the land conformed to the Missouri description of the property. Hazard also testified that he established the Nennemanns' possession of the land as occupying all of the Nebraska description of the property except for approximately 6.3 acres of land. At the close of the plaintiffs' case, the trial court allowed the plaintiffs to amend their petition to exclude the 6.3 acres in order to conform the petition to the proof. The 6.3 acres not possessed by the plaintiffs is described by metes and bounds in the judgment and is excepted from the tract to which title was quieted in the plaintiffs.

The judgment in this case does not determine whether the land is in Nebraska or Missouri and is not binding on either Nebraska or Missouri. The fact that it has not been determined whether the land is actually in Nebraska or Missouri did not deprive the Nebraska court of jurisdiction to determine the rights of the parties to the land. The pleadings alleged that the land was in Nebraska and that the district court had jurisdiction of the persons of the parties. This was sufficient to allow the district court to determine the rights of the parties to the land.

In *Durfee v. Duke*, 375 U.S. 106, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963), the U.S. Supreme Court held that the judgment of a Nebraska court quieting title to land alleged to be in Nebraska was binding on parties claiming that the land was in Missouri where the questions had been fully and fairly litigated in the Nebraska court. The Court said:

> It is to be emphasized that all that was ultimately determined in the Nebraska litigation was title to the land in question as between the parties to the litigation there.

Nothing there decided, and nothing that could be decided in litigation between the same parties or their privies in Missouri, could bind either Missouri or Nebraska with respect to any controversy they might have, now or in the future, as to the location of the boundary between them, or as to their respective sovereignty over the land in question. *Fowler v. Lindsey*, 3 Dall. 411 [1 L. Ed. 658 (1799)]; *New York v. Connecticut*, 4 Dall. 1 [1 L. Ed. 715 (1799)]; *Land v. Dollar*, 330 U. S. 731 [67 S. Ct. 1009, 91 L. Ed. 1209 (1947)]. Either State may at any time protect its interest by initiating independent judicial proceedings here. Cf. *Missouri v. Nebraska*, 196 U. S. 23 [25 S. Ct. 155, 49 L. Ed. 372 (1904)].

For the reasons stated, we hold in this case that the federal court in Missouri had the power and, upon proper averments, the duty to inquire into the jurisdiction of the Nebraska courts to render the decree quieting title to the land in the petitioners. We further hold that when that inquiry disclosed, as it did, that the jurisdictional issues had been fully and fairly litigated by the parties and finally determined in the Nebraska courts, the federal court in Missouri was correct in ruling that further inquiry was precluded.

375 U.S. at 115-16. See, also, *Mississippi v. Louisiana*, 61 U.S.L.W. 4025 (U.S. Dec. 15, 1992) (No. 91-1158).

The defendant's second assignment of error is that the trial court erred in finding that the plaintiffs had been in adverse possession of the property for the statutory period.

A suit to quiet title is equitable in nature, and an appellate court reviews the record in such a case de novo and reaches an independent conclusion without reference to findings of the trial court. *State Nat. Bank & Trust Co. v. Jacobsen*, 218 Neb. 682, 358 N.W.2d 743 (1984). However, when credible evidence is in conflict, the appellate court may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Johnson v. City of Hastings*, 241 Neb. 291, 488 N.W.2d 20 (1992).

The burden is on one who claims title by adverse possession to prove by a preponderance of the evidence that he has been in

actual, continuous, exclusive, notorious, and adverse possession under claim of ownership for the statutory period of 10 years. *Schaneman v. Wright*, 238 Neb. 309, 470 N.W.2d 566 (1991).

The claim of adverse possession is founded upon the intent of the occupant, such intent being determined by his acts. In *Nebraska State Bank v. Gaddis*, 208 Neb. 136, 302 N.W.2d 686 (1981), this court stated: " ' "[T]he possession is the important element, and it is held that such possession is not the less adverse because the person takes possession of the land in question innocently and through mistake. . . ." ' " *Id.* at 140, 302 N.W.2d at 689, quoting *Purdum v. Sherman*, 163 Neb. 889, 81 N.W.2d 331 (1957).

This court has also previously stated:

> "It is the nature of the hostile possession that constitutes the warning, not the intent of the claimant when he takes possession. When, therefore, a claimant occupies the land of another by actual, open, exclusive, and continuous possession, the owner is placed on notice that his ownership is endangered and unless he takes proper action within 10 years to protect himself, he is barred from action thereafter and the title of the claimant is complete."

*Hadley v. Ideus*, 220 Neb. 878, 881-882, 374 N.W.2d 231, 234 (1985), quoting *Purdum v. Sherman, supra*. Title may not be quieted on the theory of adverse possession in the absence of proof of exclusive possession for a purpose to which the land is adapted for the statutory period. *Young v. Lacy*, 221 Neb. 511, 378 N.W.2d 192 (1985).

Sufficiency of possession in adverse possession depends upon the character of the land and the use that can reasonably be made of it. *Id.*; *Wiedeman v. James E. Simon Co., Inc.*, 209 Neb. 189, 307 N.W.2d 105 (1981); *Weiss v. Meyer*, 208 Neb. 429, 303 N.W.2d 765 (1981). In *Weiss v. Meyer*, this court also stated:

> The law does not require that possession shall be evidenced by a complete enclosure, nor by persons remaining continuously upon the land and constantly from day to day performing acts of ownership thereon. It is sufficient if the land is used continuously for the

purposes to which it may be in its nature adapted. *Id.* at 433, 303 N.W.2d at 768.

It is clear from the evidence in this case that the plaintiffs have farmed the disputed property under a claim of right for a period well beyond the statutory 10-year period. The plaintiffs' acts of farming the land and ejecting trespassers from the land are consistent with those acts performed by owners and was evidence of a claim of title adverse to the defendants.

The evidence established that the land in question was farmed to the extent possible either by the plaintiffs or by their tenants. " 'In determining the rights of an adverse owner, the entry and possession of his tenant, expressly authorized to act, is the entry and possession of such owner.' " *Id.* at 432, 303 N.W.2d at 768, quoting *Cassens v. Wisner*, 122 Neb. 408, 240 N.W. 526 (1932).

There was evidence that the plaintiffs had paid Nebraska real estate taxes on the property for several years and redeemed tax sale certificates on the land in question. This is a factor to be considered when determining whether the elements of adverse possession have been satisfied. Payment of real estate taxes is a circumstance which may be considered with all other circumstances in determining the question of adverse possession. *State Nat. Bank & Trust Co. v. Jacobsen*, 218 Neb. 682, 358 N.W.2d 743 (1984).

There is no evidence that the defendants were ever in possession of the property. The fact that trespassers may occasionally have hunted or fished upon the property without permission was not sufficient to interrupt the possession of the plaintiffs. The record fully supports a finding that the plaintiffs had been in adverse possession of the property for more than the statutory period.

The defendants' third assignment of error is that the evidence did not adequately show the dimensions of the tract possessed by the plaintiffs. The testimony of Hazard, the county surveyor of Otoe County, Nebraska, established that the plaintiffs had farmed all of the land that was suitable for farming except the 6.3 acres excluded from the legal description. The levee, which occupies a part of the land and the wooded area adjacent to the river, is not suitable for farming. The record is sufficient to

establish that the plaintiffs possessed the land described in the judgment.

The judgment of the trial court is affirmed.

AFFIRMED.