Opinion for the Court filed by Circuit Judge GINSBURG.
Dissenting opinion filed by Circuit Judge RANDOLPH.
GINSBURG, Circuit Judge:
In 2005 Ahmed Belbacha, an Algerian national, petitioned the district court for a writ of habeas corpus in order to challenge his detention at Guantánamo Bay, Cuba. In July 2007, with his petition still pending, he sought interim relief barring his transfer to Algeria on the ground that he is likely to be tortured by the government of Algeria and by an extremist organization that has threatened him in the past. The district court declined preliminarily to bar Belbacha’s transfer on the ground it lacked the power so to do, Belbacha v. Bush, No. 05-2349, 2007 WL 2422031 (July 27, 2007), citing the Military Commissions Act of 2006(MCA), Pub.L. No. 109-366, 120 Stat. 2600, and our decision in Boumediene v. Bush, 476 F.3d 981 (2007), cert. granted, — U.S. -, 127 S.Ct. 3078, 168 L.Ed.2d 755 (June 29, 2007), in which we upheld the constitutionality of the MCA *455 provision removing the courts’ jurisdiction over detainees’ habeas petitions.
Belbacha noticed an appeal and simultaneously asked this court to bar his transfer pending its resolution. A motions panel denied Belbacha’s request for a stay but ordered the case heard on an expedited basis. Belbacha, No. 07-5258 (Aug. 2, 2007). After hearing oral argument, this panel temporarily enjoined his transfer in order to preserve our jurisdiction over the appeal. We now remand this matter to the district court for further proceedings.
I.Appellate Jurisdiction
We have jurisdiction to entertain Belbacha’s interlocutory appeal. Although the district court characterized the relief he seeks as a “temporary restraining order,” that court’s order dismissing his motion “effectively foreclose^]” Belbacha “from pursuing further interlocutory relief in the form of a preliminary injunction,” and is therefore “tantamount to denial of a preliminary injunction,” appealable under 28 U.S.C. § 1292(a)(1). See Levesque v. Maine, 587 F.2d 78, 80 (1st Cir.1978). Moreover, because Belbacha sought a stay of his transfer pending the Supreme Court’s decision in Boumediene and it was clear the Court would take more than 20 days to decide that case, preserving the status quo required a preliminary injunction rather than a temporary restraining order. See Fed.R.Civ.P. 65(b)(2) (imposing time limitation upon a temporary restraining order). We review de novo the legal question whether the district court has the authority to enjoin Belbacha’s transfer.
II.Background
Belbacha filed a petition for a writ of habeas corpus in the district court in 2005. In 2006 the Congress passed the Military Commissions Act, § 7(a)(1) of which, 28 U.S.C. § 2241(e)(1), provides the courts shall not have jurisdiction over any “application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination,” and § 7(a)(2) of which, 28 U.S.C. § 2241(e)(2), provides the courts shall not have jurisdiction over “any other action ... relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of’ such an alien, “[e]xcept as provided in” § 1005(e) of the Detainee Treatment Act (DTA), Pub.L. No. 109-148, 119 Stat. 2680 (2005), 10 U.S.C. § 801 note.*
In Boumediene we held that § 7(a)(1) of the MCA does not violate the Suspension Clause of the Constitution, U.S. CONST, art. I, § 9, cl. 2, on the ground that the constitutional guarantee of habeas corpus does not apply to a foreign national without presence or property in the sovereign territory of the United States. 476 F.3d 981. The Supreme Court initially denied Boumediene’s petition for a writ of certiorari, — U.S. -, 127 S.Ct. 1478, 167 L.Ed.2d 578 (Apr. 2, 2007), but upon rehearing granted the petition. — U.S. -, 127 S.Ct. 3078, 168 L.Ed.2d 755 (June 29, 2007).
III.Jurisdiction of the District Court
If a case presents a “substantial” jurisdictional question, then under the All *456 Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction. United States v. United Mine Workers, 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884 (1947); see also Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); cf. Omar v. Harvey, 479 F.3d 1, 11-14 (D.C.Cir.2007) (court may temporarily enjoin transfer in order to preserve jurisdiction), cert. granted on a different question sub nom., Geren v. Omar, — U.S. -, 128 S.Ct. 741, 169 L.Ed.2d 578 (2007) (citing Ntakirutimana v. Reno, 184 F.3d 419, 423 n. 7 (5th Cir.1999) (stay of extradition pending appeal); Then v. Melendez, 92 F.3d 851, 853 n. 1 (9th Cir.1996) (same)). Accordingly, absent a bar to its remedial powers, the court’s authority pursuant to the All Writs Act to grant Belba-cha’s motion for interim relief depends upon whether Belbacha’s claims sound in habeas corpus and, if so, whether our decision in Boumediene renders insubstantial his argument that the district court has jurisdiction. Cf. Bell, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (jurisdiction depends upon colorable claim); see also Adams v. McCann, 317 U.S. 269, 273, 63 S.Ct. 236, 87 L.Ed. 268 (1942) (All Writs Act grants power to issue “all auxiliary writs” as “may be necessary for the exercise of a jurisdiction already existing”) (quoting Whitney v. Dick, 202 U.S. 132, 136-37, 26 S.Ct. 584, 50 L.Ed. 963 (1906)). The MCA, of course, leaves intact the presumptive jurisdiction of the federal courts to inquire into the constitutionality of a jurisdiction-stripping statute.
We conclude that Belbacha’s petition for a writ of habeas corpus is color-able. Belbacha does not challenge only his transfer to a country that might torture him; he contests also the basis for his detention as an “enemy combatant.” Should the Supreme Court hold in Boumediene that a detainee at Guantánamo Bay may petition for a writ of habeas corpus to challenge his detention, and should the district court conclude that Belbacha’s detention is unlawful, then the Executive might be without authority to transfer him to Algeria.* See Omar, 479 F.3d at 10 (holding writ of habeas corpus may be used to challenge transfer of U.S. citizen held in Iraq to custody of Iraqi court for trial); Benson v. McMahon, 127 U.S. 457, 462, 8 S.Ct. 1240, 32 L.Ed. 234 (1888) (extradition); INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (deportation); see also Wang v. Ashcroft, 320 F.3d 130, 141 (2d Cir.2003) (writ of habeas corpus used to challenge deportation in violation of Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment art. 3, Dec. 10, 1984, 1465 U.N.T.S. 85); but cf. Mironescu v. Costner, 480 F.3d 664 (4th Cir.2007) (Section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105-277, 112 Stat. 2681, 8 U.S.C. § 1231 note, renders Convention Against Torture judicially cognizable only in the context of removal by immigration authorities). We need not and do not address the Government’s argument that, irrespective of the Supreme Court’s holding in Boumediene, § 7(a) of the MCA constitutionally bars Belbacha’s underlying claims for relief; the district court has the authority to grant Belbacha preliminary relief because the Suspension Clause color-ably protects those claims and, as we explain below, because § 7(a) does not displace its remedial powers.
*457 Our holding in Boumediene does not make Belbacha’s argument for the jurisdiction of the district court less than color-able. See Steel Co. v. Citizens for a Better Env’t, 528 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), in which the Court made clear that foreclosure by a prior decision of the Supreme Court renders a jurisdictional question insubstantial but said nothing of foreclosure by a decision of a court of appeals; 13B Charles Alan Weight, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3564 (2d ed.2007) (same). Following the grant of certiorari in Boumediene, this court stayed or recalled its mandate in many cases raising the same issues as that case, including some in which the Government proposed to transfer the detainee, and held those cases in abeyance pending the decision of the Supreme Court. E.g., Paracha v. Bush, No. 05-5194; Kiyemba v. Bush, No. 05-5487; Al Ginco v. Bush, No. 06-5191; Zalita v. Bush, No. 07-5129; see also Abdah v. Bush, No. 05-5224, 2007 WL 4952433 (Aug. 9, 2007) (in appeal from grant of order requiring advance notice of transfer, holding in abeyance Government’s motion to dismiss habeas petitions in light of grant of certiorari in Boume-diene ). The district court also has held in abeyance the Government’s motions to dismiss detainees’ petitions for habeas corpus, and stayed the underlying cases. See, e.g., Hatim v. Bush, No. 05-cv-01429 (RMU) (Oct. 5, 2007); Taker v. Bush, No. 06-cv-01684 (GK) (Sept. 13, 2007); Mousovi v. Bush, No. 05-cv-01124 (RMC) (Sept. 7, 2007); Razakah v. Bush, No. 05-cv-02370 (EGS) (Aug. 17, 2007); Al-Mohammed v. Bush, No. 05-cv-00247 (HHK) (Aug. 7, 2007); Khalid v. Bush, No. 04-cv-01142 (RJL) (Aug. 5, 2007); Faraj v. Bush, No. 05-cv-01490 (PLF) (July 27, 2007); Al Maqaleh v. Gates, No. 06-cv-01669, 2007 WL 2059128 (JDB) (July 18, 2007); Ameziane v. Bush, No. 05-cv-00392 (ESH) (July 5, 2007); Zadran v. Bush, No. 05-cv-02367 (RWR) (July 2, 2007). Neither this court nor the district court could have held these cases in abeyance unless we thought they presented a substantial jurisdictional question. See New Mexico Navajo Ranchers Ass’n v. ICC, 850 F.2d 729, 731-32 (D.C.Cir.1988) (“Our decision to [hold the case] in abeyance seems necessarily to have rested on an assumption that this court secured jurisdiction”); see also Fed.R.Civ.P. 12(h)(3) (“If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action”).
A decision of this court is binding upon a later panel and upon the district court. We hold, nonetheless, that when the Supreme Court grants certiorari to review this court’s determination that the district court lacks jurisdiction, a court can, pursuant to the All Writs Act, 28 U.S.C. § 1651, and during the pendency of the Supreme Court’s review, act to preserve the status quo in other cases raising the same jurisdictional issue if a party satisfies the criteria for issuing a preliminary injunction.
In resisting this conclusion, the Government points out that we declined to enjoin a detainee’s transfer in Zalita v. Bush. No. 07-5129 (Apr. 25, 2007). But that case actually cuts against the Government’s position. As in the instant case, Zalita noticed an appeal from the district court’s denial of his motion for a preliminary injunction and simultaneously sought to have this court enjoin his transfer. In April 2007, before the Supreme Court granted certiorari in Boumediene, we denied Zali-ta’s motion for an injunction and dismissed the appeal on the authority of Boume-diene; once the Supreme Court reversed course, however, so did we. We recalled the mandate, (Oct. 11, 2007), deferred consideration of Zalita’s petition for panel re *458 hearing and rehearing en banc, and held the case in abeyance pending the Supreme Court’s decision, (Nov. 15, 2007); see also Al Ginco, No. 06-5191 (Oct. 17, 2007) (same).
The Government argues also that we should affirm on the basis of the order of a motions panel of this court denying Belbacha a temporary stay pending this appeal, asserting that is the law of the case and precludes the relief Belbacha sought in the district court. See Belbacha, No. 07-5258 (Aug. 2, 2007) (citing Maxwell v. Snow, 409 F.3d 354, 358 (D.C.Cir.2005)). An order denying preliminary relief, however, “does not constitute the law of the case,” although it can be “persuasive.” Berrigan v. Sigler, 499 F.2d 514, 518 (D.C.Cir.1974). In any event, the order also directed that this appeal be briefed and argued on an expedited schedule. Although Boumediene, 476 F.3d 981, presumptively bars Belbacha the preliminary relief he seeks, the motions panel obviously recognized that Belbacha might be able to raise a substantial question of jurisdiction and a colorable claim after full briefing and oral argument.
IV. Remedial Authority
The district court held, and the Government argues, that in light of § 7(a)(2) of the MCA, the federal courts are without power to entertain Belbacha’s motion seeking temporarily to enjoin his transfer from Guantánamo to Algeria. Section 7(a)(2) strips the courts of their “jurisdiction to hear or consider any other action ... relating to any aspect of the ... transfer” of a detainee. It does not displace their remedial authority, pursuant to the All Writs Act, to issue an “auxiliary” writ “in aid” of a “jurisdiction already existing,” see Adams, 317 U.S. at 273, 63 S.Ct. 236, here the jurisdiction to determine whether § 7(a) is constitutional. See United Mine Workers, 330 U.S. at 293, 67 S.Ct. 677; see also Clinton v. Goldsmith, 526 U.S. 529, 534-35, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999) (All Writs Act empowers court to issue writs “ ‘in aid of its existing statutory jurisdiction; the Act does not enlarge that jurisdiction”). Precedents of the Supreme Court compel the conclusion that the federal courts’ remedial powers are intact. Califano v. Yamasaki, 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (“Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction”); FTC v. Dean Foods Co., 384 U.S. 597, 608, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966) (“In the absence of explicit direction from Congress,” court retains authority pursuant to All Writs Act to preserve status quo when “necessary to protect its own jurisdiction”); Scripps-Howard Radio v. FCC, 316 U.S. 4, 11, 62 S.Ct. 875, 86 L.Ed. 1229 (1942) (unless Congress “clearly” evinces a contrary intent, court is presumed to have power to maintain status quo in order to preserve jurisdiction).* Otherwise, Belbacha’s transfer would make it impossible for the dis *459 trict court to entertain his claim to relief that the Constitution might guarantee. Cf. Webster v. Doe, 486 U.S. 592, 603, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) (declining to read statute to deprive court of jurisdiction over “colorable constitutional claim”).
Our orders in Rahman v. Bush, No. 07-1204 (June 19, 2007), and Khalif v. Gates, No. 07-1215 (June 22, 2007), which issued prior to the grant of certiorari in Boumediene, and in which we declined to maintain the status quo in order to preserve our jurisdiction over actions brought pursuant to the DTA, are not to the contrary. Rahman and Khalif relied upon § 1005(e)(2) of the DTA, subsection (D) of which extinguishes this court’s jurisdiction under the DTA upon “the release of [an] alien from the custody of the Department of Defense.” To read that provision as leaving intact our authority to bar a transfer in order to preserve our jurisdiction over an action pursuant to the DTA, as Rahman and Khalif had argued, would have contravened the intent of the Congress. Although our orders also cited § 7(a)(2) of the MCA, that provision serves only to make § 1005(e)(2) of the DTA the exclusive “action” for detainees; it does not abridge our remedial powers. Hamlily v. Gates, No. 07-1127 (July 16, 2007), which issued after certiorari was granted in Boumediene, cited only Rahman and Khalif, and is inapposite for the same reasons.*
V. Preliminary Injunction
In deciding whether to issue a preliminary injunction, the courts consider four factors: (1) whether the moving party has a substantial likelihood of success on the merits; (2) whether the moving party faces irreparable harm absent the preliminary injunction; (3) whether the injunction would substantially injure the opposing party; and (4) whether the injunction furthers the public interest. Ellipso, Inc. v. Mann, 480 F.3d 1153, 1157 (D.C.Cir.2007). “If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak.” CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C.Cir.1995).
Here the probability of Belbacha’s prevailing on the merits of his habeas petition is far from clear but, in light of the seriousness of the harm he claims to face, namely, torture at the hands of a foreign state and of a terrorist organization, we cannot as the Government urged at oral argument say Belbacha’s motion for a preliminary injunction fails as a matter of law. It falls to the district court in the first instance, therefore, to balance the four factors in order to decide whether a preliminary injunction is “necessary or appropriate” in this case. 28 U.S.C. § 1651; see Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C.Cir.1998). Accordingly this matter is remanded to the district court for further proceedings.

So ordered.

 The DTA deprived the courts of jurisdiction over actions by detainees at Guantánamo other than actions brought pursuant to the DTA itself, see DTA § 1005(e)(1), 28 U.S.C. § 2241(e) (2005), but the Supreme Court interpreted that provision as being inapplicable to petitions, such as Belbacha's, that were pending when the DTA was enacted. See Hamdan v. Rumsfeld, 548 U.S. 557, 126 S.Ct. 2749, 2762-69, 165 L.Ed.2d 723 (2006).

 Belbacha apparently fled Algeria in 2000, deserting from the Algerian army, to seek asylum in the United Kingdom.

 For an example of a statute that clearly repealed both the jurisdiction and the remedial powers of the courts, see the Emergency Price Control Act of January 30, 1942, which deprived the courts of "jurisdiction or power to consider the validity of any [covered] regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision." Pub.L. No. 77-421, 56 Stat. 23, § 204(d) (emphases added). The Supreme Court sustained the statute, including the stay provision, against a constitutional challenge in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944).

 Notwithstanding the Government's argument that the MCA deprives all federal courts of their remedial authority to enjoin the transfer of a detainee from Guantánamo Bay, our dissenting colleague suggests that we could and should “issue a stay under the All Writs Act” pending the resolution of Boumediene. The dissent, however, nowhere explains how this court may do so without first considering the Government’s argument.