SRINIVASAN, Circuit Judge,
concurring in part:
I concur fully in Parts I, II, and III of the court’s opinion, which sustain the SEC’s Conflict Minerals Rule against challenges brought by the National Association of Manufacturers under the Administrative Procedure Act and the Securities Exchange Act. Respectfully, I do not join Part IV of the court’s opinion, which addresses the Association’s First Amendment claim. A question of central significance to the resolution of that claim is pending before the en banc court in another case. I would opt to hold in abeyance our consideration of the First Amendment issue in this case pending the en banc court’s decision in the other, rather than issue an opinion that might effectively be *557 undercut by the en banc court in relatively short order.
The intersection between the two cases arises from the way in which the court resolves the Association’s First Amendment claim. An essential step in the majority’s First Amendment analysis is that the relaxed standard for reviewing compelled commercial-speech disclosures set forth in Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 651, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985), applies only if the disclosure requirement serves a governmental interest in preventing consumer deception. Ante, at 527-28. That precise question is currently pending before our en banc comet in American Meat Institute v. United States Department of Agriculture. In that case, a panel of this court (of which I was a member) issued an opinion upholding labeling requirements for meat products under Zauderer’s standard, which requires that disclosure mandates be “reasonably related” to the government’s interests. 746 F.3d 1065, 1072 (D.C.Cir.2014) (quoting Zauderer, 471 U.S. at 651, 105 S.Ct. 2265). The panel relied on the government’s interest in arming consumers with additional information when purchasing food, rejecting the suggestion that Zauderer review applies only to disclosure mandates aimed to cure consumer deception. Id. at 1071-72.
The full court, acting on the panel’s suggestion, id. at 1073 n. 1, has now voted to rehear the case en banc, with oral argument set to take place on May 19, 2014. See Order, No. 13-5281 (D.C. Cir. Apr. 4, 2014) (en bane) (per curiam). The en banc court will receive supplemental briefing on the question whether review of “mandatory disclosure” obligations can “properly proceed under Zauderer” even if they serve interests “other than preventing deception.” Id. My good colleagues in the majority here assume the answer to that question is no, and their decision on the First Amendment claim rests on that assumption. Ante, at 527-28. But if the en banc court in American Meat decides otherwise, the First Amendment claim in this case presumably would need to be reconsidered afresh.
To avert that possibility, a panel in such circumstances can elect to withhold its decision until the en banc court decides the potentially dispositive question. See, e.g., United States v. Johnson, No. 91-3221, 1993 U.S.App. LEXIS 36925, at *1-2 (D.C.Cir. Dec. 14, 1993) (per curiam) (nonprecedential); United States v. Gerald, 5 F.3d 563, 565 (D.C.Cir.1993); United States v. Dockery, 965 F.2d 1112, 1113-14 & n. 1 (D.C.Cir.1992); Pub. Citizen v. Nat’l Highway Traffic Safety Admin., 848 F.2d 256, 259 (D.C.Cir.1988); see also Judicial Watch, Inc. v. Dep’t of Energy, No. 04-5204, 2004 U.S.App. LEXIS 22661, at *2 (D.C.Cir. Oct. 8, 2004) (per curiam) (on court’s own motion, ordering parties to show cause why appeal should not be held in abeyance pending en banc court’s resolution of related question). The court likewise frequently withholds a decision in analogous situations in which a case potentially implicates a question pending before the Supreme Court. See, e.g., Wagner v. FEC, No. 13-5162 (D.C.Cir. Sept. 11, 2013) (en banc) (per curiam); United States v. Epps, 707 F.3d 337, 341 (D.C.Cir.2013); Trump Plaza Assocs. v. NLRB, 679 F.3d 822, 826 (D.C.Cir.2012); Belbacha v. Bush, 520 F.3d 452, 456-57 (D.C.Cir.2008). Ordinarily, when resolution of a case before a panel could turn on a question under consideration by the en banc court in a separate case, the latter case would have been pending for some time. The circumstances here are unusual in that regard because this ease was docketed shortly before, and presented to the court essen *558 tially contemporaneously with, American Meat. But because en banc review has now been granted in American Meat, my own respectful preference would be to withhold a decision on the First Amendment claim here pending the en banc decision in that case.
To be sure, there is no certainty that the en banc decision in American Meat will alter the panel’s resolution here. As could always be the case when a panel addresses an issue pending before the en banc court in a different case, the full court might agree with the panel’s inclination — here, by concluding that Zauderer’s “reasonably related” standard applies only to disclosure requirements aimed to prevent consumer deception. Moreover, even if the en banc court were to decide that Zauderer extends more broadly, the majority suggests that the conflict minerals disclosure requirement might fail to satisfy another precondition to Zauderer scrutiny, i.e., that the disclosure be factual and noncontroversial. See ante, at 528. As it stands, though, the majority’s decision on the First Amendment challenge hinges on the premise that Zauderer applies only to the prevention of deception — the issue now under consideration by the en banc court.
I fully join the court’s resolution of the Association’s remaining challenges to the SEC’s rule, however. The parties understandably desire a final decision from this court before the May 31, 2014, deadline for the first conflict minerals disclosure report. See 77 Fed.Reg. 56,274, 56,305 (Sept. 12, 2012). Parts I, II, and III of the court’s opinion address non-First Amendment challenges bearing no connection to the en banc proceedings in American Meat. Those parts of the court’s opinion— which resolve the claims to which the Association devotes its principal attention— should issue forthwith. See, e.g., Coke Oven Envtl. Task Force v. EPA No. 06-1131, 2006 U.S.App. LEXIS 23499, at *4 (D.C.Cir. Sept. 13, 2006) (per curiam) (severing one aspect of case and holding it in abeyance pending Supreme Court’s decision in Massachusetts v. EPA 549 U.S. 497, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007)); United States v. Coles, No. 03-3113, 2004 WL 2862212, at *1-2, 2004 U.S.App. LEXIS 25904, at *3-4 (D.C.Cir. Dec. 13, 2004) (per curiam) (affirming judgment in part and holding remaining portion of case in abeyance pending Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)); Wrenn v. Shalala, No. 94-5198, 1995 WL 225234, at *1, 1995 U.S.App. LEXIS 8731, at *1-3 (D.C.Cir. Mar. 8, 1995) (per curiam) (non-precedential) (affirming dismissal of certain claims, reversing dismissal of other claims, and holding separate claim in abeyance pending Supreme Court decision in Kimberlin v. Quinlan, 515 U.S. 321, 115 S.Ct. 2552, 132 L.Ed.2d 252 (1995)).
That approach would afford a resolution as to the lion’s share of the challenges to the SEC’s rule in advance of the date by which the parties seek a decision. It would still leave unresolved, though, the more narrowly focused challenge under the First Amendment to the particular requirement that manufacturers categorize certain products as “not found to be ‘DRC conflict-free’ ” in a conflict minerals report. 17 C.F.R. § 249b.400, Form SD, Item 1.01(c)(2). The court; however, could stay enforcement of that aspect of the SEC’s rule pending disposition of the Association’s First Amendment claim.
In these unique circumstances, there would be strong arguments supporting issuance of a stay under the governing standards. See generally Wash. Metro. Area Transit Comm’n v. Holiday Tours, Inc., 559 F.2d 841, 842-43 & n. 1 (D.C.Cir.1977). *559 With regard to the likelihood of success on the merits: the majority concludes that the disclosure requirement fails to satisfy the test of Central Hudson Gas & Electric Corp. v. Public Service Commission, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980); and there are, at the least, substantial questions concerning Zauderer’s applicability given the grant of en banc review in American Meat and the majority’s suggestion, ante at 528, that the disclosure requirement may fail to qualify for Zauderer review regardless. With regard to irreparable harm and the balance of equities: “loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury,” Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (plurality); and any adverse consequences for the SEC and the public would be limited because a stay would leave the bulk of the SEC’s rule (including the disclosure • obligations) in place, affecting only the requirement to use a particular phrase. The court perhaps could enter a stay on its own motion, see Fed. R.App. P. 2; Deering Milliken, Inc. v. FTC, 647 F.2d 1124, 1129 (D.C.Cir.1978) (“balance of the equities” favors a stay “so much so that we should act sua sponte”), or at least could invite submissions from the parties on the desirability of a stay or order the SEC to show cause why one should not be granted.
It bears noting that there would be no evident need to stay any part of the statute, as opposed to the SEC’s rule. The Exchange Act requires covered manufacturers to list products qualifying as “not DRC conflict free” under the statutory definition. 15 U.S.C. § 78m(p)(l)(A)(ii); see id. § 78m(p)(l)(D). The Act, however, contains no mandate to use any magic words when categorizing those products. Congress elected to use the descriptor, “not DRC conflict free,” in the Act, id. § 78m(p)(l)(A)(ii), but Congress imposed no requirement for manufacturers to use that (or any) particular phrase when describing their products. The latter obligation comes from the SEC’s rule, not the statute. The rule, moreover, compels use of the phrase, “not been found to be ‘DRC conflict free’ ” — rather than “not DRC conflict free” — an adjustment viewed by the ' agency to ameliorate any First Amendment objections by allowing for a more “accurate disclosure.” 77 Fed.Reg. at 56,-323. If the court were to withhold a decision on the Association’s First Amendment claim pending the en banc court’s decision in American Meat, but were to grant temporary relief to the Association in the interim, any stay order presumably would run against the SEC’s rule (not the statute) and would correspond to the particular disclosure compelled by that rule.